Joseph P. BENDER et al., Petitioners,

v.

Hon. C. Warren EATON, Judge of McCracken Circuit Court, Respondent.

Court of Appeals of Kentucky.

March 3, 1961.

**800**

William B. Bryd, Waller, Threlkeld, Whitlow & Byrd, Paducah, for petitioners.

Terrell, Schultzman & Hardy, Paducah, for respondent.

CLAY, Commissioner.

This is an original proceeding for an order prohibiting respondent from enforcing his circuit court order which requires petitioners to produce and permit an adverse party to inspect, copy or photograph medical reports of a number of physicians. The question involves the application of Rule 37.02 of our Civil Rules.

Although the point has not been raised by respondent, we have considered the propriety of the present procedural device as a means of questioning an interlocutory order of this nature. A special problem has arisen under our relatively new Rules of Civil Procedure when it is claimed the circuit court, by the entry of a pre-trial order, is proceeding erroneously. We will briefly re-examine the power, duty and method of this Court in the exercise of its original jurisdiction.

By section 110 of the Kentucky Constitution the Court of Appeals is given very broad supervisory control of lower courts. The exercise of this authority has no limits except our judicial discretion, and each case must stand on its own merits. Renshaw v. Cook, 129 Ky. 347, 111 S.W. 377; Rush v. Denhardt, 138 Ky. 238, 127 S.W. 785; Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178; Harrod v. Meigs, Ky., 340 S.W.2d 601.

Relief by way of prohibition or mandamus is an extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief. This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts. If this avenue of relief were open to all who considered themselves aggrieved by an interlocutory court order, we would face an impossible burden of nonappellate matters.

Through the years this Court has consistently divided into two classes those cases in which we are called upon to exercise original jurisdiction. The distinguishing feature is whether the inferior court allegedly is (1) acting without jurisdiction (which includes "beyond its jurisdiction"), or (2) acting erroneously within its jurisdiction. We are not now concerned with the first class of cases in which the controlling factors may be somewhat different from those which generally apply to the second class. See Chamblee v. Rose, Ky., 249 S.W.2d 775.

In the second class of cases relief ordinarily has not been granted unless the petitioner established, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied). See Manning v. Baxter, 281 Ky. 659, 136 S.W.2d 1074; Smith v. Shamburger, Judge, 314 Ky. 850, 238 S.W.2d 844. This is a practical and convenient formula for determining, *prior to deciding the issue of alleged error*, if petitioner may avail himself of this remedy. As a general rule, if he has an adequate remedy by appeal or otherwise, or will not suffer great and irreparable injury, the petition should be dismissed forthwith.

Our cases involving controversies in this second class, where it is alleged the lower court is acting or proceeding erroneously within its jurisdiction, have consistently (apparently without exception) required the petitioner to pass the first test; i. e., he must show he has no adequate remedy by appeal or otherwise. In determining the adequacy of another remedy it may be necessary to examine the injurious consequences pending such other relief, but so far as possible tests (a) and (b) should be considered separately.

After passing test (a) the proper procedural method is to apply test (b) to determine whether or not the petitioner, even though lacking an alternate adequate remedy, will suffer great and irreparable injury. This means something of a ruinous nature. Osborn v. Wolfford, 239 Ky. 470, 39 S.W. 2d 672; Reeves v. Bell, 285 Ky. 300, 147 S.W.2d 711. Ordinarily if this cannot be shown, the petition will be dismissed.

Test (b) however, unlike test (a), is not an absolute prerequisite. See Clapp v. Sandidge, 230 Ky. 594, 20 S.W.2d 449. In Ohio River Contract Co. v. Gordon, 170 Ky. 412, 186 S.W. 178, 181, it was held that in exceptional cases the remedy may be invoked as a "shield from injustice * * *

to preserve the orderly administration of the laws."

Thus we find that in certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury.

Since the adoption of our Rules of Civil Procedure in 1953, we have had several original prohibition proceedings questioning interlocutory orders of the trial court arising thereunder. Wiglesworth v. Wright, Ky., 269 S.W.2d 263; Bryan v. Trimble, Ky., 275 S.W.2d 66; Barker v. Breslin, Ky., 329 S.W.2d 578; Ison v. Bradley, Ky., 333 S.W.2d 784; Swaim v. Reid, Judge, Ky., 342 S.W.2d 687. In the Wiglesworth case we entertained the petition (though denying relief) but expressed doubt as to the propriety of prohibition procedure to obtain a ruling of this Court upon the correctness of an interlocutory procedural circuit court order. In the other cases we substantially applied test (a) and declined to rule on the procedural question because the petitioner had an adequate remedy by appeal. In the Ison case we alluded to the possible procedural chaos and confusion that could result at the trial court level if such interlocutory orders were generally subject to attack in this manner. (The problem is alleviated in the federal courts by virtue of the Interlocutory Appeals Act of 1958, 28 U.S.C.A. § 1292(b).)

A difficulty experienced in the foregoing cases arose because they are in a special category (arising under the Rules of Civil Procedure) and we had not formulated a

practical method of approach. We now propose to do so in examining the petition before us. Since the trial court had jurisdiction, the basic ground for relief is that the court is proceeding erroneously. Our first consideration under test (a), utilizing our standard formula, is whether the petitioner has an adequate remedy elsewhere.

■ The present petition states, and we believe it evident, that petitioners are without an adequate remedy by appeal or otherwise. The order attacked requires petitioners to furnish to their adversaries in advance of trial written information which the former, in preparation for trial, have obtained from experts. Once the information is furnished it cannot be recalled. It may or may not be used at the trial. If the writings were subsequently introduced in evidence they might be competent so that an objection at that time would be unavailing. The injury suffered by petitioners, assuming their adversaries have no right to this disclosure under the Civil Rules, will be complete upon compliance with the order and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy.

With respect to test (b), it is alleged that great and irreparable injury will be suffered by the petitioners and others similarly situated. We do not believe injury of a ruinous nature can be shown. Compelling a party, in advance of trial, to produce for the benefit of his adversary information or evidence, even assuming he should not be required to produce it under the Rules, probably would not constitute "great and irreparable injury" within the meaning of that phrase. However, as we have heretofore pointed out, in a certain class of cases, of which this is one, the showing of such grievous injury is not an absolute necessity. As we have heretofore discussed, if an erroneous order results in a substantial miscarriage of justice and the orderly administration of our Civil Rules necessitates an expression of our views, we may, and in

the proper case should, decide the issue presented.

If, as contended, the contested order requires the petitioners to disclose material written information to their adversaries in violation of a specific Civil Rule, there will be a substantial miscarriage of justice, particularly since the Rule involved was expressly adopted for the protection of those in petitioner's position.

In addition, and perhaps this is the most compelling consideration, the proper construction and application of the Rule in question (CR 37.02) is important to the orderly administration of our Civil Rules. This Rule is relatively new and had no predecessor in our Civil Code or the Federal Rules of Civil Procedure. We have not heretofore had occasion to pass upon its meaning or effect. Under these circumstances, a decision would be of value to the Bench and Bar of Kentucky. Apparently we took this view in deciding a pre-trial procedural question in Maddox v. Grauman, Ky., 265 S.W.2d 939, 41 A.L.R.2d 964, since in that case we did not even discuss the propriety of proceeding by original action under RCA 1.420. We are of the opinion the question raised qualifies for consideration in this original proceeding.

In this suit one of the petitioners as plaintiff sought to recover for personal injuries. Her deposition was taken by the defendants and she disclosed to them the names and locations of several physicians with whom she had consulted. Thereupon defendants moved under CR 34 for an order requiring plaintiffs to produce and permit the defendants and their attorneys to inspect, copy or photograph all medical reports made by and secured from the doctors she had named.

■ Plaintiffs objected to this motion on the ground defendants were seeking to obtain writings of the character prohibited by CR 37.02. That Rule provides:

"The deponent shall not be required and the court shall not order a deponent

or party to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent, in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will result in an injustice or undue hardship; nor shall the deponent be required or the court order a deponent or party to produce or submit for inspection any part of a writing which reflects an attorney's mental impressions, conclusions, opinions, or legal theories, or, except as provided in Rule 35, the conclusions of an expert."

Rule 37.02 had no counterpart in either the Civil Code or the Federal Rules of Civil Procedure. It is a positive restriction upon the right granted by CR 34. It was designed to prevent an abuse of the discovery procedure initiated and established by the Civil Rules. "The clear purpose of this Rule is to discourage unfair attempts to obtain evidence, information or advice of an opposing party which he has developed to prosecute his claim or make his defense." Clay, CR 37.02, Author's Comment (page 348).

The restrictions of this Rule are readily apparent. There are two classes of prohibited matter: (1) those writings obtained or prepared by the adverse party, his attorney, surety, indemnitor or agent in anticipation of litigation or in preparation for trial, and (2) any part of a writing which reflects the mental impressions, conclusions, opinions or legal theories of an attorney, or, the conclusions of an expert.

Only under extraordinary circumstances may the court order the production of any writing in category (1). This seems clear because Rule 37.02 is a limitation upon Rule 34 and a party may only proceed under Rule 34 upon a showing of "good cause". Therefore, to invoke the exception to the prohibitory language of Rule 37.02, a party must show something more than "good cause".

█ With respect to the writings in category (2), the prohibition is absolute and is not subject to the discretion of the trial court. Clay, CR 37.02, Author's Comment (page 348). If the writing constitutes the conclusion of an expert, *its production may not be ordered*.

Physicians are experts. Taylor v. Fishbaugh, 26 Cal.App.2d 300, 79 P.2d 174; Holt v. State, 84 Okl.Cr. 283, 181 P.2d 573. To the extent the reports requested in this case incorporate the conclusions of these physicians concerning plaintiff's injuries, they are writings which the plaintiffs may not be compelled to produce.

If those reports do not contain the doctors' conclusions, they at least fall within the first category of writings referred to in this Rule. While the circuit court order recites "injustice or undue hardship," there is no showing in this record by the defendants of any extraordinary conditions which would justify an avoidance of the restrictions of this Rule.

In our opinion respondent, by his order of December 29, 1960, improperly ordered the production of the physicians' reports in violation of Rule 37.02.

It is ordered that respondent be prohibited from enforcing the order of December 29, 1960 to the extent it requires petitioners to produce the medical reports of the physicians therein named.