**FORD MOTOR COMPANY, Petitioner,**

v.

**Armand ANGELUCCI, Judge 22nd Judicial District, Respondent.**

Court of Appeals of Kentucky.

June 26, 1970.

Charles Landrum, Jr., Landrum & Patterson, Lexington, for petitioner.

Peter Perlman, Fowler, Rouse, Measle & Bell, Lexington, for C. B. Deaton, amicus curiae.

Armand Angelucci, Judge, pro se.

DAVIS, Commissioner.

Ford Motor Company brought this original action in this court seeking an order prohibiting Honorable Armand Angelucci, Judge of the Fayette Circuit Court, Third Division, from enforcing an interlocutory order directing one of Ford's employees, Paul E. Antel, to produce two "claims investigations reports" for inspection and copying by C. B. Deaton, plaintiff in a civil suit for damages against Ford in the Fayette Circuit Court. Upon the authority of Bender v. Eaton, Ky., 343 S.W.2d 799, we grant the order of prohibition to the extent indicated later in the opinion.

On July 20, 1967, Deaton bought a Ford truck from Ford's dealer in Lexington. Allegedly, on that same day, he was personally injured when the truck was involved in a collision due to an unexplained brake failure. Deaton took the truck back to the Lexington dealer, ostensibly with a view to working out an appropriate adjustment of his claimed damages. At the instance of the dealer, Deaton permitted the brake assembly to be removed from the truck for inspection. The assembly was examined by Paul E. Antel, an expert in that field and a regular employee of Ford.

On May 14, 1968, Deaton filed suit against the Lexington dealer and Ford, seeking damages of $50,000. In the course of discovery proceedings, Deaton learned that Antel had made investigations concerning the brake assembly and furnished written reports to Ford, with copy of the reports to Ford's general counsel. These reports, prepared on July 26, 1967, contained Antel's "expert" conclusions respecting his investigation of the allegedly defective brake system.

The respondent judge granted Ford a protective order relating to the scope of Deaton's discovery deposition of Antel, in

which the judge found that Antel was an "expert" employed by Ford, but not an executive of the company. Hence, the deposition was ordered not to be taken "as if upon cross-examination" of a party. The order further directed that Antel "shall not be required in said deposition to disclose any opinion resulting from his inspection, examination, and disassembly of the braking system on said automobile." No complaint is made of that portion of the court's ruling.

■ However, after examining the two reports which Antel had made, dated July 26, 1967, though the trial judge found that "the same do contain conclusions of said witness" he nevertheless ordered that the reports be presented for inspection and copying by Deaton. This ruling contravened CR 37.02, as construed in Bender v. Eaton, Ky., 343 S.W.2d 799. The reports of Antel were within "category (2)" as defined in Bender, in that they were "part of a writing which reflects(s) the * * * conclusions of an expert." Id. 343 S.W.2d at page 803. In this circumstance, the trial court is not vested with discretion. "If the writing constitutes the conclusions of an expert, *its production may not be ordered.*" Id. 343 S.W.2d at page 803.

■ The federal cases relied on by the respondent and Deaton, amicus curiae, are not applicable since the Federal Rules of Civil Procedure contain no counterpart to our CR 37.02. The entire discovery process is evolving (e. g. note "Changes Ahead in the Federal Rules," 56 Am.Bar.Ass'n Journal, p. 568), but so far the rule in this jurisdiction as announced in Bender v. Eaton, Ky., 343 S.W.2d 799, in construing CR 37.02, remains unchanged. The extraordinary relief by order of prohibition is appropriate here for the same reasons which obtained in Bender.

As observed in Clay, CR 37.02, Author's Comment 2, page 500, the purpose of CR 37.02 is:

" * * * to fix definite *limitations* upon the right of a party to utilize the discovery procedures of Rules 26, 33, and 34."

Those limitations were aimed at any "unfair attempts to obtain the evidence, information, or advice of an adverse party which he has developed to prosecute his claim or make his defense." Op. cit.

Clay, CR 37.02, Author's Comment 6, pages 502–503, declares that CR 37.02 is mandatory in prohibiting the court from requiring the production of a writing containing the conclusions of an expert. However, it is noteworthy that the same author's comment points out that the prohibition against ordering the production of such a writing extends only to that portion of the writing which reflects the expert's conclusions.

"If part of the writing can clear the hurdle found in the first limitation of the Rule and is properly subjected to inspection, it would apparently be proper procedure to copy for examination only those parts which must be disclosed." Clay, CR 37.02, Author's Comment 6, page 503.

■ It is our view that so much of the "claims investigation reports" as reflect the expert conclusions of Antel may not be ordered produced for inspection and copying, but any portions of the reports which do not record the expert's conclusions may be ordered for inspection and copying. To that extent the "first hurdle" has been cleared in light of the trial judge's findings.

The respondent is prohibited from enforcement of so much of the order entered February 20, 1970, as directs the production for inspection and copying of Forms FD 8492 and KD 1692 A, in the action styled C. B. Deaton v. Ford Motor Company et al., numbered 22690, Fayette Circuit Court, Third Division, to the extent only that such forms reveal the expert conclusions of Paul E. Antel.

All concur.