# *IMPORTANT NOTICE*
## *NOT TO BE PUBLISHED OPINION*

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: JUNE 15, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2005-SC-000818-MR

DATE 7-6-06 _____

HAMILTON MUTUAL INSURANCE
COMPANY OF CINCINNATI, OHIO                                      APPELLANT


ON APPEAL FROM THE COURT OF APPEALS
V.                              NO. 2005-CA-001621


HON. DOUGLAS M. GEORGE (JUDGE,
TAYLOR CIRCUIT COURT), ET AL.                                   APPELLEES


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

In this original action in the Court of Appeals, Appellant, Hamilton Mutual

Insurance, petitioned for a writ prohibiting the Taylor Circuit Court from allowing the

discovery of items in the personnel files of Hamilton employees who were connected

with the adjustment of a related claim. The Court of Appeals denied the writ holding

that the trial court had not abused its discretion. Appellant now seeks review of the

order of the Court of Appeals, as a matter of right.[1]  For the reasons stated herein, we

affirm the denial of the writ.

On June 2, 1995, twenty-one year old Steven Barnett was killed instantly

in an automobile accident when a drunk driver, speeding on the wrong side of the road,

struck head-on the car in which Barnett was a passenger. At the time of the accident,

---

[1] Ky. Const. § 115.

Steven's father, Harlon Barnett, held a policy of insurance with Appellant that included stackable coverages of $900,000.00 in underinsured motorist benefits.

On May 20, 1996, Harlon Barnett, as administrator of the estate of Steven Barnett, filed a wrongful death action in the Marion Circuit Court for recovery of damages as a result of Steven's death. In that action, the Barnett Estate recovered a total of $67,999.99 from the liability insurers of the two vehicles involved in the collision. He also settled an underinsured motorist claim against Appellant for $587,500.00.

On January 4, 2000, Harlon Barnett, individually and as administrator of the estate of Steven Barnett, brought an Unfair Claims Settlement Practices Act (UCSPA) claim against Hamilton Mutual and Caulk and Eastridge Insurance Center, Inc. In this complaint, Harlon Barnett alleged that Hamilton Mutual violated provisions of the UCSPA and the Consumer Protection Act in connection with its handling of the underinsured motorist claim. During discovery, Harlon Barnett made the following Request for Production of Documents:

> All personnel records, performance goals, job descriptions,
> and objectives, whether in the form of personnel records,
> unit goals, divisional goals, regional goals, or interoffice
> memoranda, or any other papers or documents which
> describe the goals, objectives, or any performance reviews,
> for the following employees for the time period of January 1,
> 1985, through the present:
> (1) Mike Loftus      (7) Bill Eckard
> (2) Greg Smith       (8) Jill/Joe Ohradzansky
> (3) Dick Goedde      (9) Dick Hilgendorf
> (4) Bill Rhoads      (10) Terry Sullivan
> (5) John Miller      (11) Jeff Felts
> (6) John Keller

In Hamilton Mutual's response, dated August 5, 2003, objection was made to producing the requested records for anyone other than Michael Loftus, and stating

2

that it would only produce those records and documents with an appropriate

confidentiality order. Harlon Barnett then filed a motion to compel the production of the

personnel files for the other identified persons, and on March 10, 2005, the trial court

issued an order compelling discovery, stating in part the following:

> 2. Plaintiff's motion to compel is sustained based upon
> Grange Mutual Insurance Company v. Trude, 151 S.W.3d
> 803 (Ky. 2004). Subject to the provisions of paragraph 3
> below, the Defendant shall produce within twenty (20) days
> of the date of this order the following:
>> a. Personnel files of the following employees of the
>> Defendants: Mike Loftus, Greg Smith, Dick Goedde,
>> Bill Rhoads, John Miller, John Keller, Bill Eckard,
>> Joe/Jill Ohradzansky, Dick Hilgendorf, Terry Sullivan,
>> and Jeff Felts.
>> b. The Defendants may redact, pursuant to Trude,
>> personal items contained in the personnel file such as
>> marital information, tax and dependent data, medical
>> information, health insurance data, workers'
>> compensation claims, and retirement account data.
> 3. If Defendants believe any of the items ordered to be
> produced herein contain matters that are privileged, then a
> privilege log shall be produced and the items produced for
> an in camera inspection within twenty (20) days of this
> Order.

Thereafter, Hamilton Mutual produced the files of Keller and Loftus, but

filed discovery responses, stating in part as follows:

> Personnel files of Greg Smith, Dick Goedde, John Miller,
> John Keller, Bill Eckard, Joe Ohradzansky, Dick Hilgendorf,
> Terry Sullivan and John Felts are not produced. HMIC
> objects to producing personnel files of the above named
> individuals because they have nothing to do with the claim
> handling in this case and, pursuant to the authority of
> Grange Mutual Insurance Company v. Trude, 151 S.W.3d
> 803 (Ky. 2004), discovery of these personnel files would be
> irrelevant and not calculated to lead to the discovery of
> relevant information.

3

Hamilton Mutual also moved the court for a protective order, requesting that it not be required to produce the remaining personnel files of their employees. Thereafter, Judge Doughlas George entered an order granting Hamilton Mutual's motion as to employees John Miller, Bill Eckert and Jeff Felts. However, Hamilton Mutual was ordered to produce the personnel files of Greg Smith, Joe Ohradzansky, Bill Hilgendorf and Terry Sullivan. That same day, Hamilton Mutual sought reconsideration, and after a July 19, 2005 hearing, the trial court denied the motion and ordered the Defendant to produce the personnel files.

On August 1, 2005, Hamilton Mutual filed a petition pursuant to CR 76.36 in the Court of Appeals, seeking an order prohibiting the discovery of the aforementioned personnel files. Promptly thereafter, the Court of Appeals issued an order denying the petition for a writ of prohibition, holding as follows:

> The petitioner seeks to prevent enforcement of discovery orders requiring petitioner to provide personnel data on four employees. Petitioner argues that this material is irrelevant and that great injury will result. However, examination of the supporting exhibits submitted indicates that these four employees were involved in internal discussions of the insurance claim which is the subject of the circuit court action. It also appears that those discussions were conducted in furtherance of the petitioner's processing of the claim. The allegations of irrelevance were presented to the trial court and were rejected. We can find no abuse of discretion in that ruling.
>
> The petitioner's allegations of great injury are refuted by the trial court's properly limiting the material to be discovered under Grange Mutual Insurance Company v. Trude, 151 S.W.3d 803 (Ky. 2004), and by ordering that the discovered material be protected as confidential.

This Court may issue "all writs" by authority of Section 110(2)(a) of the Constitution of Kentucky, and may review Court of Appeals orders granting or denying

4

writs pursuant to CR 76.36. A writ "may be used by a court in a discretionary manner and only when the situation is so exceptional that there is no other adequate remedy at law to prevent a miscarriage of justice."[2] "This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts."[3]

This Court has consistently divided writ cases into two classes, which are distinguished based on whether the claim is that the lower court is: (1) acting without or beyond its jurisdiction, or (2) acting erroneously within its jurisdiction.[4] "In the second class of cases relief ordinarily has not been granted unless the petitioner established, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied)."[5] We "have consistently (apparently without exception) required the petitioner to pass the first test; i. e., he must show he has no adequate remedy by appeal or otherwise."[6] A party would then have to satisfy the second prong of the test by showing great and irreparable injury, alternately defined as "something of a ruinous nature," before a writ would issue.[7] "Ordinarily if this cannot be shown, the petition will be dismissed."[8]

---

[2] Graham v. Mills, 694 S.W.2d 698, 700 (Ky. 1985) (citing Shumaker v. Paxson, 613 S.W.2d 130 (Ky. 1981); Warecke v. Richardson, 468 S.W.2d 795 (Ky. 1971); Pace v. Wolfinbarger, 420 S.W.2d 561 (Ky. 1967)).
[3] Bender v. Eaton, 343 S.W.2d 799, 800 (Ky. 1961).
[4] Id.
[5] Id. at 801 (emphasis in original).
[6] Id.
[7] Grange Mutual Ins. Co. v. Trude, 151 S.W.3d 803, 808 (Ky. 2004) (quoting Bender, 343 S.W.2d at 801)).
[8] Bender, 343 S.W.2d at 801.

In this case, neither party has asserted that the trial court is acting without jurisdiction, and since circuit courts possess general jurisdiction,[9] this case must be analyzed under the second class of cases.

"[W]hether to grant or deny a petition for a writ is within the appellate court's discretion",[10] and when this Court reviews a Court of Appeals' decision to grant or deny a writ we apply an abuse of discretion standard.[11] "[I]f the alleged error lies in findings of fact of the Court of Appeals,[12] e.g., the finding regarding irreparable harm, then we would review for clear error under CR 52.01."[13] "This is supported by the fact that the petition for a writ is an original action in which the court that hears the petition, in this case the Court of Appeals, acts as a trial court."[14] And findings of fact by a trial court are reviewed using a clear error standard.[15]

Appellant asserts that the discovery requested is irrelevant, because Greg Smith, Joe Ohradzansky, Dick Hildgendorf and Terry Sullivan, were not substantially involved in the handling or adjustment of Appellee's claim. However, the Circuit Court and the Court of Appeals saw it otherwise, and our review of the record is in accord with the lower courts. Appellant concedes that Ohradzansky, Hildgendorf, and Sullivan all participated "in a round-table discussion that occurred in May 1996 immediately after

---

[9] Ky. Const. §112(5).
[10] Rehm v. Clayton, 132 S.W.3d 864, 866 (Ky. 2004) (quoting Peterson v. Shake, 120 S.W.3d 707, 711 (Ky. 2003) (Keller, J., concurring)).
[11] Newell Enterprises v. Bowling, 158 S.W.3d 750, 754 (Ky. 2005) (citing Haight v. Williamson, 833 S.W.2d 821, 823 (Ky. 1992)); Grange Mutual Ins. Co., 151 S.W.3d at 809-10.
[12] Findings of fact are permitted by an appellate court when it has original jurisdiction over the matter.
[13] Id. at 755.
[14] Grange Mutual Ins. Co., 151 S.W.3d at 810.
[15] CR 52.01; see also Grange Mutual Ins. Co., 151 S.W.3d at 810.

receipt of the complaint filed by the Estate of Steven Barnett." This was during the timeframe in which Hamilton employee Smith wrote certain statements regarding the claim, and the amount of monetary liability that could be incurred by Hamilton Mutual. Additionally, as the Court of Appeals found in its review of the claim, all "four of these employees were involved in internal discussions of the insurance claim . . . conducted in furtherance of the petitioner's processing of the claim." And while the discovery sought may be ultimately found to be irrelevant, we have held that a "showing of irrelevancy is not a method of proving great and irreparable injury. Mere possession of irrelevant information by an opposing party is not 'something of a ruinous nature.'"[16]

The learned trial court complied fully with our decision in Grange Mutual Ins. Co. v. Trude,[17] and took every precaution it deemed appropriate to prevent irrelevant or privileged information from being revealed to Appellee. The trial court insured that privileged information not be furnished to Appellee by offering to conduct an *in camera* review of the documents before they were ordered released to Appellee. The Court of Appeals noted that there would be no great injury to Appellant, because of the trial court's compliance with our ruling in Grange, and based on the trial court's finding that the information sought to be discovered was indeed relevant. Our review of the record supports this conclusion.

As such, we affirm the denial of the writ by the Court of Appeals.

Lambert, C.J., and Cooper, Graves, Johnstone, Roach, Scott, and Wintersheimer, JJ., concur.

---

[16] Grange Mutual Ins. Co., 151 S.W.3d at 811 (quoting Bender, 343 S.W.2d at 801).
[17] 151 S.W.3d 803 (Ky. 2004).

7

COUNSEL FOR HAMILTON MUTUAL
INSURANCE COMPANY OF CINCINNATI, OHIO:

David A. Nunery
105 East Main Street
Campbellsville, KY 42718


COUNSEL FOR HON. DOUGHLAS M. GEORGE
(JUDGE, TAYLOR CIRCUIT COURT)

Hon. Doughlas M. George
Judge, Taylor Circuit Court
P. O. Box 328
Springfield, KY 40069-0328


COUNSEL FOR HARLON BARNETT
(INDIVIDUALLY, REAL PARTY IN INTEREST)
AND HARLON BARNETT (ADMINISTRATOR OF
THE ESTATE OF STEVEN RAY BARNETT,
REAL PARTY IN INTEREST)

M. Austin Mehr
Timothy E. Geertz
AUSTIN MEHR LAW OFFICES, P.S.C.
145 West Main Street, Suite 300
Lexington, KY 40507


COUNSEL FOR CAULK & EASTRIDGE INSURANCE
COMPANY (REAL PARTY IN INTEREST):

Benjamin D. Crocker
CROCKER LAW OFFICES, PLLC
558 East Tenth Street
P. O. Box 187
Bowling Green, KY 42102-0187