**Michael Dale ST. CLAIR, Petitioner,**

v.

**Honorable Thomas O. CASTLEN, Special Judge, Hardin Circuit Court, Respondent.**

**and**

**Commonwealth Of Kentucky, Real Party in Interest.**

No. 2011–SC–000781–OA.

Supreme Court of Kentucky.

Oct. 25, 2012.

---

*OPINION AND ORDER*

Michael Dale St. Clair petitions this Court for a writ of prohibition to prevent the Hardin Circuit Court from retrying him on charges of capital kidnapping, attempted murder, arson, and receiving stolen property. St. Clair contends that retrying him on these charges violates the constitutional proscription against double jeopardy.[1] He argues that a writ of prohibition is appropriate because the trial court is acting erroneously within its jurisdiction. Although he will not suffer irreparable injury if the retrial proceeds, he argues that double-jeopardy concerns warrant this extraordinary relief because the administration of justice will suffer great and irreparable injury if the retrial proceeds.

We decline to issue the writ.

## I. THE TRIAL COURT DECLARED A MISTRIAL.

In June of 2009, St. Clair's second trial on the underlying charges ended abruptly when the trial court declared a mistrial. The trial court declared a mistrial because

---

1. U.S. Const. amend. V; Ky. Const. § 13.

it determined that the Commonwealth violated a pretrial order by referring in opening statement to St. Clair's alleged prior bad acts.

Following the mistrial order, St. Clair filed two motions to bar the Commonwealth's attempt to retry him. Because the Commonwealth's alleged intentional misconduct created the grounds for mistrial and because the trial court granted the mistrial on its own motion, St. Clair contends that double-jeopardy principles bar retrial on the same charges. In granting the mistrial, the trial court ruled that manifest necessity compelled a mistrial but declined to find prosecutorial misconduct.

St. Clair's petition for a writ is grounded solely on the Commonwealth's alleged intentional misconduct during opening statement.

## II. THE WRIT OF PROHIBITION IS NOT AN AVAILABLE REMEDY.

■■■ This Court, when deciding a petition for writ, must first determine whether the writ is appropriate.[2] The petition must be dismissed if the remedy is not available.[3] Before we look to the merits of the petitioner's claim, we must decide whether a writ is the appropriate remedy.[4]

St. Clair argues that a writ of prohibition is appropriate here because the trial court is acting erroneously, there is no available adequate remedy by appeal, and great injustice and irreparable injury will

result if his petition is not granted. We disagree and find that a writ is unavailable because St. Clair has an adequate remedy on appeal for the trial court's alleged error. And great injustice and irreparable harm will not result from the denial of the petition.

■■■ The decision whether to issue a writ always lies within the discretion of the Court.[5] We exercise this discretion conservatively because a "careful approach is necessary to prevent short-circuiting normal appeal procedure."[6] A writ of prohibition is a remarkable remedy and proper only:

> [U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) [ ] the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.[7]

Because St. Clair admits that the trial court is not acting outside its jurisdiction, he *must* show that there is "no adequate remedy by appeal or otherwise."[8] To prove he has "no adequate remedy by appeal," St. Clair must show an injury that "could not thereafter be rectified in subse-

---

2. *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961).

3. *Id.*

4. *Id. See also Hoskins v. Maricle*, 150 S.W.3d 1, 18 (Ky.2004) ("[O]nly after determining that the prerequisites exist will the court decide whether an error occurred for which a writ should issue.").

5. *Hoskins*, 150 S.W.3d at 5 (citation omitted).

6. *Bender*, 343 S.W.2d at 800.

7. *Hoskins*, 150 S.W.3d at 10.

8. *Bender*, 343 S.W.2d at 801 ("Our cases involving controversies in this second class, where it is alleged the lower court is acting or proceeding erroneously within its jurisdiction, have consistently (apparently without exception) required the petitioner to pass the first test, *i.e.*, he must show he has no adequate remedy by appeal or otherwise.").

quent proceedings in the case." [9]

This Court has considered writs in certain special cases despite "the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." [10]

■ St. Clair argues the trial court, despite acting within its jurisdiction, will err by allowing a new trial on the same charges following the previous mistrial. Going further, St. Clair asks this Court to adopt a new approach in its double-jeopardy analysis. Although this Court has held that double jeopardy is an "appropriate subject for a writ of prohibition," it is not mandatory that double jeopardy be addressed in this manner.[11] We may, at our discretion, "address the merits of the issue within the context of the petition for the writ, or may decline to do so on grounds that there is an adequate remedy by appeal." [12] In making this decision, the significance of the issue, as illuminated by the facts of the case, is to be taken into account.[13]

We decline to address the issue at this juncture in the proceeding because St. Clair has offered nothing to persuade this Court that he will suffer any injury that cannot be corrected on appeal.[14]

Because an adequate remedy for the trial court's alleged error exists on appeal, we deny St. Clair's petition for a writ of prohibition. As a result, we do not reach the merits of St. Clair's petition claiming the trial court will violate his constitutional right against double jeopardy by retrying him on charges of capital kidnapping, attempted murder, arson, and receiving stolen property.

### III.  CONCLUSION.

For the foregoing reasons, St. Clair's petition for a writ of prohibition is denied.

All sitting.  All concur.

ENTERED: October 25, 2012.

/s/  John D. Minton, Jr.
   Chief Justice

---

9.  *Id.* at 802.

10.  *Id.* at 801.

11.  *St. Clair v. Roark,* 10 S.W.3d 482, 485 (Ky.1999).

12.  *Id.*

13.  *Id.*

14.  Furthermore, St. Clair's argument for a change in the law of double jeopardy is an issue that can be more suitably addressed on appeal following briefing and argument.