# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 18, 2014
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000012-MR

CONSOL ENERGY, INC.                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS

V.                          NO. 2013-CA-001236 -MR

KNOTT CIRCUIT COURT NO. 11-CI-00321

HON. KIMBERLEY C. CHILDERS, JUDGE,                          APPELLEE
KNOTT CIRCUIT COURT

ANCEL SMITH, SIDNEY WATTS, BETTY          REAL PARTIES IN INTEREST
WATTS, DANNY HALL, BONNIE HALL,
BOBBY R. SMITH, GERALDINE SMITH,
ESTATE OF AMOS SMITH AND ESTATE
OF ROXIE SMITH

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Consol Energy, Inc., filed in the Court of Appeals a petition for a writ of prohibition to prevent Knott Circuit Court from compelling a non-resident to appear in Kentucky for a discovery deposition. The Court of Appeals issued an order denying the petition and we now affirm the decision of the Court of Appeals.

## I. BACKGROUND

The controversy underlying this action originates from a mineral trespass claim against Consol Energy, Inc. (Consol) by the Real Parties in Interest, Ancel Smith, Sidney Watts, Betty Watts, Danny Hall, Bonnie Hall, Bobby R. Smith, Geraldine Smith, Estate of Amos Smith, and Estate of Roxie Smith (collectively

referred to as "Plaintiffs"). Consol conducts mining operations in Knott County, Kentucky, although its main offices are located in Pennsylvania.

In 2011, Plaintiffs brought suit against Consol in the Knott Circuit Court alleging trespass upon their lands by Consol's coal mining operations. During the course of discovery, Plaintiffs noticed the deposition of Consol's Chief Financial Officer (CFO) to be held in Knott County, Kentucky. The CFO apparently resides in Pennsylvania and has very few connections with Kentucky. Consol objected to the notice of deposition and asked the trial court for a protective order based upon the fact that the proposed deponent lived and worked in Pennsylvania, and that he had not been subpoenaed to appear for the taking of the deposition.

Knott Circuit Judge Kimberly Childers overruled Appellants' motion for a protective order. In response, Consol Energy petitioned the Court of Appeals for a writ of prohibition to prevent Judge Childers ordering the non-resident witness to appear for a deposition in Kentucky. The Court of Appeals denied Consol's writ petition, and this appeal followed. We now affirm the decision of the Court of Appeals.

## II. ANALYSIS

A writ may be granted upon a showing that: (1) "the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court," or (2) "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise," and "great injustice

2

and irreparable injury will result if the petition is not granted." *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

Consol agrees that "oversee[ing] discovery issues" in a pending case is within the subject matter jurisdiction of the trial court, so Consol is invoking the second class of writs identified in *Hoskins*: the trial court is acting or is about to act erroneously, and great injustice and irreparable injury will occur if the writ is not issued.

The fundamental problem with Consol's request for writ relief is that the trial court has not ordered Consol, or its CFO, to do anything and there is no indication in the record that the trial court is about to order Consol or the CFO to do anything. The trial court is not "acting or [] about to act erroneously" because the only ruling the trial court has made with respect to the noticed deposition is to deny a protective order. The notice of deposition given by the Plaintiffs in this case is *not* a court order, and since he was not subpoenaed, the power of the court has not been invoked to compel his appearance.

The trial court's denial of the protective order is not an order compelling Consol to produce the CFO for a deposition in Kentucky. The trial court's protective order does not compel or direct Consol to do anything; and the pending notice of deposition, unaccompanied by the service of a subpoena, cannot force the non-resident witness into Kentucky for a deposition. The Knott Circuit Court has not commanded the proposed deponent to appear in Kentucky for a deposition, and it is not about to impose sanctions upon him for not appearing. Unless and until it does, it is not acting or about to act in a

3

manner that exposes Consol or the witness to any harm at all, much less "great injustice and irreparable harm."

Consol Energy cites to *Bender v. Eaton*, 343 S.W.2d 799 (Ky. 1961), in support of its argument that the writ of prohibition should be granted because this is a "special case." Consol cites the following passage:

> Thus we find that in certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, *provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration.* It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury.

*Bender*, 343 S.W.2d at 801. (emphasis added)

No substantial miscarriage of justice will result from the trial court's refusal to issue a protective order in this instance. If the witness declines to appear for the proposed deposition, the burden then falls upon the Plaintiffs to ask the trial court for whatever relief they deem appropriate. Depending upon what the trial court then decides with respect to the Plaintiffs' request, it may then be said that the trial court is "acting or about to act." Until then, any request for writ relief is premature. We find no basis for the issuance of a writ of prohibition based upon either class of writ found in *Hoskins*, and no basis for the issuance of a "special case" writ as provided by *Bender*.

## III. CONCLUSION

For the foregoing reasons, the opinion of the Court of Appeals denying Consol Energy's petition for a writ of prohibition is affirmed.

All sitting. All concur.

4

COUNSEL FOR APPELLANT:

Billy Ray Shelton
Joseph Daniel Halbert
Jones, Walters, Turner & Shelton, PLLC


COUNSEL FOR REAL PARTIES IN INTEREST:

Adam Peter Collins
Collins & Collins, PSC