CUNNINGHAM, J., CONCURRING:
I concur with the Majority opinion. The analysis and conclusion are unassailable.
But I cannot shake an unsettling concern. Do the Commonwealth of Kentucky and its people have any safety net in the case of a "rogue judge"? One that abuses all discretion by entering a finding of acquittal despite a jury verdict of conviction that is based on solid evidence?
In the case before us, we find a sympathetic defendant, a low-grade felony, and a very close question of fact. The trial court in this case obviously acted responsibly and in good faith. But this case will stand as precedent for all future cases, even those where the crime may be shocking and the proof overwhelming. Placing in the hands of one person the ultimate authority to cast reason to the wind and "let slip the dogs of war" without an appropriate review is unacceptable to me.
It is an elementary principle of law that a writ is an original action, not an appeal. See, e.g., Grange Mut. Ins. Co. v. Trude, 151 S.W.3d 803, 809 (Ky. 2004) ("The petition for this writ was filed in the Court of Appeals, which acted as a trial court because it heard the matter as an original action.") (recognizing that a petition for writ of prohibition is an original action, as opposed to a matter of right appeal); see also Sandlin v. Miniard, No. 2014-SC-000322-MR, 2015 WL 737116 at 1 n.2 (Ky. Feb. 19, 2015) ("Kentucky Farm Bureau's counsel incorrectly describes this action as an 'appeal.' A writ petition is an original action under Civil Rule 76.36 ; it is not an appeal. ") (emphasis added).
It would appear that the Commonwealth could seek a writ from the Court of Appeals within the time period set for post-judgment motions.
For the Commonwealth to be granted a writ of prohibition when the Circuit Court's subject-matter jurisdiction is not challenged, "a petitioner must show that: (1) he would have no adequate remedy on appeal; and (2) he would suffer great and irreparable injury if the trial court is acting in error and the writ is denied." Sisters of Charity Health Sys., Inc. v. Raikes, 984 S.W.2d 464, 466 (Ky. 1998) (quoting Bender v. Eaton, 343 S.W.2d 799, 801 (Ky. 1961) ).
However, the showing of great and irreparable injury is not absolutely necessary. "[I]n certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court *933 is recognizing that if it fails to act the administration of justice generally will suffer great and irreparable injury."
Id. (original emphasis).
Speaking as only one justice on this Court, it would appear that if the post-verdict action of a trial court is shockingly out of line with the evidence and the law, a writ of prohibition would be appropriate. The reviewing court would then have to determine if the trial court abused its discretion, causing "great harm or irreparable injury," or sufficiently interfered with the "interest of orderly judicial administration."
Will such a procedural posture serve to prevent a grave injustice from taking place? Unfortunately, we are likely to find out sometime down the road.
Hughes and VanMeter, JJ., join.