RENDERED:  FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1691-MR


COMMONWEALTH OF KENTUCKY                                         APPELLANT


                        APPEAL FROM WARREN CIRCUIT COURT
v.                      HONORABLE STEVE ALAN WILSON, JUDGE
                        ACTION NO. 19-CI-00599


HON. SAM POTTER, JUDGE, WARREN
DISTRICT COURT; AND CARL DODERER                                 APPELLEES


                                OPINION
                                AFFIRMING

                            ** ** ** ** **

BEFORE:  CLAYON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  The Commonwealth of Kentucky ("the

Commonwealth") appeals from the Warren Circuit Court's order denying the

Commonwealth's petition for a writ of mandamus and/or prohibition.  The

Commonwealth seeks to compel the Warren District Court to issue an order

denying Carl Doderer's motion *in limine* on the issue of whether a chemist from the Kentucky State Police ("KSP") crime lab could testify regarding the presence of Tetrahydrocannabinol ("THC") in Doderer's blood at the time of his arrest. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 27, 2017, Doderer was stopped by an officer for allegedly striking the center lane marker while operating his vehicle. After stopping Doderer, the officer alleged that he smelled alcohol, and a preliminary breath test conducted on Doderer detected the presence of alcohol. Doderer was arrested for driving under the influence ("DUI"), and a subsequent search of Doderer's vehicle uncovered a small amount of marijuana residue and drug paraphernalia in the passenger seat and console.

After being placed under arrest, Doderer was transported to a medical center and consented to a blood test for the presence of both alcohol and drugs. The results yielded an alcohol reading of 0.079, below the legal limit of 0.08. The test also showed the presence of marijuana of 4 ng/mL, with a margin of error of +/- 1 ng/mL.

Doderer was charged with possession of marijuana, possession of drug paraphernalia, careless driving, and DUI, first offense. The Warren District Court scheduled a jury trial, and on February 20, 2019, Doderer filed a motion *in*

*limine* requesting that the court prohibit Jason Berry, the chemist with the KSP crime lab who had performed Doderer's blood test analysis, from testifying regarding the effect that THC may have had on Doderer. Doderer argued that such testimony would only be admissible if offered through a duly qualified toxicologist or forensic pathologist.

The district court held a hearing on March 13, 2019, at which Berry testified. Ultimately, the district court agreed with Doderer and entered an order on April 2, 2019, granting the motion *in limine.* Specifically, the district court found that Berry had testified that his job was to detect the presence of a particular drug and then to quantify the drug, and Berry had candidly admitted that he was not a pathologist. Aside from knowing the general effects of certain drugs, Berry testified that he did not offer opinions about how a certain drug may have been affecting a certain person at a particular point in time.

The district court concluded that, with the backdrop of Kentucky Rules of Evidence (KRE) 401 and 403 regarding the exclusion of relevant evidence on the grounds of prejudice, confusion, or waste of time, Berry's testimony, without additional expert testimony, was inadmissible. Particularly, the district court found that it would be prejudicial to allow the Commonwealth to introduce a blood test result indicating the presence of THC in Doderer's blood

without any expert testimony as to whether the THC had actually impaired Doderer.

Thereafter, on April 29, 2019, the Commonwealth filed a petition for a writ of mandamus and/or prohibition requesting that the Warren Circuit Court direct the Warren District Court to issue an order denying Doderer's motion *in limine*. This appeal followed.

## ANALYSIS

"A writ of prohibition is an 'extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)). An appeals court reviews the granting or denial of petitions for writs of prohibition and mandamus under the same standard. *University of Louisville v. Eckerle*, 580 S.W.3d 546, 549 (Ky. 2019). The Kentucky Supreme Court set forth such standard in *Hoskins v. Maricle*, where it stated:

> A writ . . . *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004) (emphasis in original). Absent extraordinary circumstances, an appellate court reviews the decision of a lower court in such cases under the abuse of discretion standard. *Trude*, 151 S.W.3d at 810.

Here, the Commonwealth does not argue that the district court lacked jurisdiction. Therefore, this case falls under the second class of writ, and we must review whether the "conditions precedent" to issue a writ are present, which include whether the trial court is acting or is about to act erroneously, the lack of an adequate remedy on appeal, and great injustice and irreparable harm. *See id.*

The Commonwealth in this case has failed to prove that the district court is acting or is about to act erroneously. The Kentucky Supreme Court has stated that, "[o]n the question of experts, it has long been the law of this jurisdiction that the decision as to the qualifications of an expert rests in the discretion of the trial court." *Ford v. Commonwealth*, 665 S.W.2d 304, 309 (Ky. 1983). Particularly, the Court in *Stringer v. Commonwealth* provided a four-prong test to determine if certain expert opinion evidence is admissible:

> (1) the witness is qualified to render an opinion on the subject matter, (2) the subject matter satisfies the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), (3) the subject matter satisfies the test of relevancy set forth in KRE 401, subject to the balancing of probativeness against prejudice required by KRE 403, and (4) the opinion will assist the trier of fact per KRE 702.

956 S.W.2d 883, 891 (Ky. 1997).

In this case, the district court specifically found that Berry was not qualified to testify regarding the effects of marijuana on Doderer. This finding was supported by Berry's own testimony, in which he admitted that he was not qualified to give testimony on the subject matter and candidly admitted that he was not a pathologist nor, aside from knowing the general effect of certain drugs, did he offer opinions on how a drug may have been affecting a certain person at a particular point in time. We need not go any further in the *Stringer* analysis to confirm that the district court was neither erroneous nor did it abuse its significant discretion.

## CONCLUSION

For the reasons set forth above, we affirm the order of the circuit court denying the Commonwealth's petition for a writ of prohibition and/or mandamus.

ALL CONCUR.

BRIEF FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Jamie L. Spinks
Special Assistant Attorney General
Bowling Green, Kentucky

BRIEF FOR APPELLEE CARL DODERER:

B. Alan Simpson
Bowling Green, Kentucky