RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1376-MR

JOHN HUMPHRESS                                                                  APPELLANT

APPEAL FROM TAYLOR CIRCUIT COURT
v.        HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 21-XX-00002

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  John Humphress ("Appellant"), *pro se*, appeals from

an order of the Taylor Circuit Court denying his motion for Kentucky Rules of

Civil Procedure ("CR") 60.02 relief.  Appellant argues that the circuit court erred

in concluding that the Taylor District Court's finding of probable cause to send the

matter to the grand jury was interlocutory and not reviewable.  He also contends

that the circuit court should have vacated the district court's order that horses under

his control should be removed from the real property he managed. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURE

In May, 2021, Don Fuller filed a criminal complaint in Taylor County, Kentucky, alleging that Appellant repeatedly allowed horses owned or maintained by Appellant to escape from Appellant's control causing damage to Mr. Fuller's alfalfa field. Appellant was subsequently charged with one count of criminal mischief in the first degree.[1] He was arraigned on July 19, 2021, in Taylor District Court and bonded out. As a condition of his bond, Appellant was ordered to prevent the horses at issue from escaping from his property.

A preliminary hearing was conducted on August 18, 2021, and the matter was bound over to the grand jury. Appellant failed to appear at the hearing, though it appears that his counsel was present. As horses apparently continued to escape from Appellant's property, the district court ordered that all horses would be removed based on his noncompliance with the conditions of his bond. On August 30, 2021, Appellant filed a *pro se* CR 59.05 motion to alter, amend, or vacate. The district court dismissed the motion on September 1, 2021, upon finding that it was not properly before the court.

---

[1] Kentucky Revised Statutes ("KRS") 512.020.

On September 7, 2021, Appellant filed a *pro se* notice of appeal in Taylor Circuit Court, with a handwritten notation stating that he was seeking a writ of mandamus or prohibition. Appellant retained counsel. The matter was treated as a petition for writ of mandamus, with Appellant arguing that the district court's order confiscating the horses was essentially an improper finding of contempt entered without proper notice and procedural due process.

The circuit court conducted a hearing on October 5, 2021. Evidence was adduced that the matter involved 11 horses; that 6 of the horses were secured on Mr. Fuller's property and were being fed by the county; and, that about 40% of Mr. Fuller's alfalfa field had been destroyed by the escaped horses. Mr. Fuller did not seek compensation from Appellant. Rather, he simply wanted Appellant to control the horses in the future to prevent further damage to his alfalfa field.

Though not contained in the appellate record, it appears that the Commonwealth argued that a pending motion to enforce the bond in district court would adequately address the issues raised by Appellant in his petition for a writ, and render the petition moot. The Commonwealth also argued that Appellant waived his arguments based on his failure to appear, and that the contempt argument raised by Appellant was improperly raised because the subject horses were now secured on Mr. Fuller's property.

On October 19, 2021, the circuit court conducted a hearing on the petition for the writ. The court was informed that subsequent to the filing of the petition, the district court held a hearing on the bond condition in which it again found that seizure of the horses by the county was warranted. Noting that the bond hearing issue was the only one before the circuit court, defense counsel acknowledged that the writ proceeding was probably moot.

The circuit court rendered an order stating that the only issue before the court was whether a writ should be issued preventing county authorities from detaining the horses that were found on Mr. Fuller's property. Since the district court at that time had already conducted a hearing attended by Appellant and defense counsel addressing the detention of the horses, the circuit court denied the petition for a writ. It also found that to the extent Appellant had raised other issues, if any, those issues were interlocutory and not ripe for review.

In response, Appellant, again proceeding *pro se*, filed a CR 60.02 motion to reconsider the circuit court's denial of the petition for a writ. The motion asserted that the district court's action was inadequate and left several matters for resolution. The circuit court denied the CR 60.02 motion.

Lastly, on November 16, 2021, Appellant filed a motion for additional findings of fact. The circuit court issued an order in response, noting that Appellant's counsel acknowledged at the October 19, 2021 hearing that the only

pending issue was the district court's alleged failure to conduct a bond hearing after providing proper notice. Since the district court had already conducted a bond hearing with notice to Appellant, the circuit court again denied the petition for a writ, and also the motion for a more definitive statement. This appeal followed.

## STANDARDS OF REVIEW

We review the disposition of a petition for a writ of mandamus or prohibition for abuse of discretion, unless the matter involves the trial court acting outside its jurisdiction or implicates a question of law in which case the matter is reviewed *de novo*. *Grange Mutual Insurance Co. v. Trude*, 151 S.W.3d 803, 809-810 (Ky. 2004).

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, argues that the Taylor Circuit Court erred in concluding that the district court's finding of probable cause to send the matter to the grand jury was interlocutory and not reviewable. He contends that he failed to appear at the August 18, 2021 preliminary hearing due to medical issues, but upon learning that the district court found probable cause to send the matter to the grand jury, Appellant immediately filed a CR 59.05 motion with affidavit. He also asserts that the horses at issue are owned by his son or a third party, and that he

does not own the property in question.[2]  Appellant argues that the circuit court erred in failing to conclude that the district court improperly ordered that the horses be removed from the subject parcel.  He seeks an opinion vacating the Taylor Circuit Court's order denying his request for a writ of mandamus or prohibition, and remanding the matter to the district court for dismissal of the underlying criminal action.

Appellant appeals from the circuit court's November 5, 2021 order denying his CR 60.02 motion to reconsider the October 19, 2021 order.  The October 19, 2021 order made two substantive rulings.  First, the court determined that the only issue before it was whether it should enter a writ of mandamus preventing the district court from requiring county authorities to detain the horses at issue prior to having a hearing.  Second, the court found that none of the other issues raised by Appellant were appealable at that time, as such matters were interlocutory because no final order or decree had been rendered by the district court.

On the first issue, the circuit court found that subsequent to Appellant's filing of his petition seeking a writ, the district court conducted a hearing on the matter with proper notice to Appellant.  The court determined that

---

[2] The Commonwealth asserts that Appellant is a shareholder in the entity which owns or operates the property.

this rendered the petition moot. The question for our consideration is whether the

Taylor Circuit Court properly denied the writ.

A writ is an extraordinary remedy. The standard for a writ is well-

settled:

> A writ of prohibition *may* be granted upon a showing that
> (1) the lower court is proceeding or is about to proceed
> outside of its jurisdiction and there is no remedy through
> an application to an intermediate court; or (2) that the
> lower court is acting or is about to act erroneously,
> although within its jurisdiction, and there exists no
> adequate remedy by appeal or otherwise and great
> injustice and irreparable injury will result if the petition is
> not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis in original).

Our jurisprudence recognizes a sub-category under the second class of

writs in certain special cases:

> [I]n certain special cases this Court will entertain a
> petition for prohibition in the absence of a showing of
> specific great and irreparable injury to the petitioner,
> provided a substantial miscarriage of justice will result if
> the lower court is proceeding erroneously, *and* correction
> of the error is necessary and appropriate in the interest of
> orderly judicial administration. It may be observed that
> in such a situation the court is recognizing that if it fails
> to act the administration of justice generally will suffer
> the great and irreparable injury.

*Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961) (emphasis in original). Under

the certain special cases exception, the petitioner need not show he will suffer great

injustice and irreparable harm. *Caldwell v. Chauvin*, 464 S.W.3d 139, 145 (Ky.

-7-

2015). "But these 'certain special cases' are exactly that – they are rare exceptions and tend to be limited to situations where the action for which the writ is sought would violate the law, e.g. by breaching a tightly guarded privilege or by contradicting the requirements of a civil rule." *Trude*, 151 S.W.3d at 808 (footnotes and citations omitted). "[W]hether to issue a writ is always discretionary, even when the trial court was acting outside its jurisdiction." *Cox v. Braden*, 266 S.W.3d 792, 797 (Ky. 2008) (internal quotation marks and citation omitted).

In Appellant's "Statement of Appeal from District Court for Writ of Prohibition and Writ of Mandamus" filed on September 24, 2021, Appellant's counsel styled the issue as whether the writ should be entered directing the district court to give Appellant notice that a hearing will be conducted on the issue of his violation of the July 19, 2021 calendar order directing Appellant to keep the horses properly confined on his property. The underlying order resulted after evidence was adduced that horses under Appellant's control continued to escape from the subject parcel even after the district court's initial order, and damaged Mr. Fuller's alfalfa field resulting in a 30 to 40% loss. Evidence was also given that county animal control had been called to the property approximately 50 times to deal with the escaped horses.

In addressing this issue, the circuit court determined that subsequent to the filing of Appellant's petition, the district court conducted another hearing on the matter with proper notice to Appellant, said hearing being attended by Appellant and his counsel. The circuit court concluded therefrom that the petition was moot. This finding is supported by the record and the law. The wrong alleged by Appellant, *i.e.*, the district court's action without proper notice directing county authorities to take possession of the runaway horses, was rendered moot by the subsequent hearing which Appellant and counsel attended.[3] The circuit court properly so found. Further, at the October 19, 2021 hearing on the petition, Appellant's counsel acknowledged that the writ was "probably moot" as a result of the hearing on the bond condition which again reached the conclusion that the horses should be seized by the county.

Appellant argues in the instant appeal that the writ was required to prohibit the district court from finding probable cause to hand the matter over to the grand jury. This argument was not raised in the petition seeking the writ, however, and was not addressed in the circuit court's order denying the writ.

Further, we find no error in the circuit court's conclusion that all remaining issues raised by Appellant concurrently with his petition for a writ were

---

[3] We note that Appellant was given notice of the first hearing which he did not attend, evinced by his counsel's presence and participation at the hearing.

unappealable, as there was no final order or judgment entered by the district court. Those issues, if any, remained interlocutory until made final and appealable by the district court.

## **CONCLUSION**

Having reviewed the matter *de novo*, *Trude*, *supra*, we find no error in the Taylor Circuit Court's order denying Appellant's CR 60.02 motion to reconsider the court's October 19, 2021 denial of Appellant's petition for a writ of mandamus or prohibition. The remaining issues were not properly raised via the petition for a writ and were not ripe for review by the circuit court. For these reasons, we affirm the order of the Taylor Circuit Court denying Appellant's motion for reconsideration.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John Humphress, *pro se*
Campbellsville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew G. Krygiel
Assistant Attorney General
Frankfort, Kentucky