COMMONWEALTH of Kentucky,
Appellant,

v.

Angela PETERS, Appellee.

No. 2010–SC–000074–DG.

Supreme Court of Kentucky.

Sept. 22, 2011.

594

Jack Conway, Attorney General, Courtney J. Hightower, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellant.

Alan Quincy Zaring, New Castle, KY, David Shawn Sullivan, Stoll Keenon Ogden, PLLC, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

This is an appeal from an opinion of the Court of Appeals reversing a circuit court's writ of prohibition of a district court order requiring the Commonwealth to produce the complaining witness (the arresting police officer), at a pretrial conference for an interview. We opine that the issuance of the writ was proper.

In February 2008, Angela Peters was charged with driving under the influence (DUI) first offense. At her arraignment, defense counsel requested a pretrial conference and requested the presence of the officer who had arrested Peters. The Commonwealth objected to producing the arresting officer.

On July 15, 2008, the district court entered an order couching the issue as, "whether or not the Commonwealth is required to produce witnesses ... prior to trial to allow opposing counsel to interview them." The district court ruled in favor of Peters, reasoning that the court had discretion under RCr 7.24 and RCr 8.03 to enter such orders "that would expedite cases and aid in the disposition of cases." The court further stated:

> The production of the prosecuting witness, i.e. the officer, prior to trial has proven to be the most effective method in the 53rd Judicial District used to expedite cases and aid in the disposition of cases.
>
> . . . .
>
> Additionally, pretrial conferences in Shelby County are currently held informally, off the record, without the presence of the judge. However, if necessary, pretrial conferences can be held formally, on the record, in the presence of the judge.

The Commonwealth then requested a writ of prohibition from the Shelby Circuit Court, which was granted. The circuit court found the district court order was entered erroneously because there was no basis in the criminal or civil rules for such an order. As to the writ standard, the circuit court found that the Commonwealth's prosecution would suffer irreparable harm under the district court order.

The Court of Appeals overturned the writ, determining there was no substantial evidence to support the circuit court's finding that the Commonwealth would suffer irreparable harm. The court also adjudged that the district court acted within its discretion under RCr 7.24(5) in entering the order. This writ case is now before us on discretionary review.

■■■ Relief by way of a writ of prohibition is an "extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief." *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky.1961)). Writ cases are divided into two classes, which are distinguished by "whether the inferior court allegedly is (1) acting without jurisdiction (which includes 'beyond its jurisdiction'), or (2) acting erroneously within its jurisdiction." *Id.* (internal quotation marks in original). When, as here, the petitioner alleges that the trial court is acting erroneously, though within its jurisdiction, a writ will only be granted when two threshold requirements are satisfied: there exists no adequate remedy by appeal or otherwise; and the petitioner will suffer great and irreparable harm. *Hoskins v. Maricle*, 150 S.W.3d 1, 18 (Ky.2004). Under a narrow exception to the harm requirement, the "certain special cases" exception, the writ can be granted "in the absence of a showing of specific great and irreparable injury ... provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Bender*, 343 S.W.2d at 801 (emphasis in original).

■■■ Whether to grant or deny a writ of prohibition is within the sound discretion of the court with which the petition is filed. *Haight v. Williamson*, 833 S.W.2d 821, 823 (Ky.1992). Thus, this decision is ultimately reviewed by an appellate court for abuse of discretion. However, if the basis for the grant or denial involves a question of law, the appellate court reviews this conclusion *de novo*. *Rehm v. Clayton*, 132 S.W.3d 864, 866 (Ky.2004). If the court with which the petition is filed bases its ruling on a factual determination, this finding of fact is reviewed for clear error. *Grange*, 151 S.W.3d at 810.

■■■ Turning to the case at hand, the Commonwealth argues that great and irreparable harm will result from the district court order requiring it to produce the complaining witness and that there is no adequate remedy by appeal. " 'No adequate remedy by appeal' means that any injury to Appellants 'could not thereafter be rectified in subsequent proceedings in the case.' " *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 614–15 (Ky. 2005) (quoting *Bender*, 343 S.W.2d at 802). In cases where the writ action concerns a trial court's discovery orders, this Court has drawn a distinction between orders limiting or prohibiting discovery and those allowing discovery. "[T]here will rarely be an adequate remedy on appeal if the alleged error is an order that allows discovery." *Grange*, 151 S.W.3d at 810. This is so because "[o]nce the information is furnished it cannot be recalled." *Bender*, 343 S.W.2d at 802. Because the district court order in the present case is akin to a discovery order in that it requires the witness to be present for an interview at the pretrial conference, we agree there is no adequate remedy by appeal if the court is indeed acting erroneously.

■■■ We likewise agree with the Commonwealth's assertion that this case falls into the "special cases" subcategory of writ because, *if* the claim of error is true, cor-

rection of the error would be necessary in the interest of the orderly administration of justice. *See 3M Co. v. Engle*, 328 S.W.3d 184, 188 n. 12 (Ky.2010) (citing *St. Luke Hosp., Inc. v. Kopowski*, 160 S.W.3d 771, 774–75 (Ky.2005)) (noting that petitioner's claim of error will be accepted as true in this stage of the analysis, even though the reviewing court may ultimately determine that the trial court did not act erroneously). The Commonwealth maintains that the district court's order would violate the witness's right to refuse to answer questions by the defense or the prosecution before trial, *see United States v. Medina*, 992 F.2d 573, 579 (6th Cir.1993), *overruling on other grounds recognized by United States v. Jackson–Randolph*, 282 F.3d 369 (6th Cir.2002), which we shall discuss further below, and would allow for the potential impeachment of witnesses with unsworn statements procured at informal pretrial conferences. Additionally, both parties concede that the practice of producing the prosecuting witness at informal pretrial conferences is common in many counties in Kentucky. Thus, the issue in the present case has far-reaching implications regarding pretrial procedure in the Commonwealth.

We next proceed to the question of whether the district court acted erroneously in entering its order. Discovery orders adverse to the Commonwealth are subject to abuse of discretion review. *Lowe v. Commonwealth*, 712 S.W.2d 944, 946 (Ky.1986). The Commonwealth maintains that there is no authority under the criminal rules for the district court to order the production of the complaining witness at the pretrial conference. This argument calls for a review of the various

rules pertaining to criminal pretrial procedure.

RCr 8.03 provides:

At any time after the filing of the indictment or information the court on motion of any party or on its own motion may order counsel for all parties to appear before it for one or more conferences to consider such matters as will promote a fair and expeditious trial. At the conclusion of a conference the court shall prepare and file an order noting the matters agreed upon. This rule shall not be invoked in the case of a defendant who is not represented by counsel.

RCr 7.24 provides for the disclosure/discovery of incriminating statements made by the defendant to any witness, written or recorded statements or confessions made by the defendant, the results of physical or mental examinations or scientific tests in the case, documents and tangible objects material to the case in the custody of the Commonwealth, and a written summary of expert testimony to be used at trial.[1] Under RCr 7.24(6), "On a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted or deferred, or make such other order as is appropriate." This Court recently held that:

Our case law strongly supports the trial court's discretion in interpreting the meaning of RCr 7.24, as well as in making rulings outside the strict confines of the criminal rule in order to enforce the "spirit" it is intended to advance. Broad discretion in discovery matters has long been afforded trial courts in both civil and criminal cases.

*Commonwealth v. Nichols*, 280 S.W.3d 39, 42–43 (Ky.2009) (footnote and citations

---

1. The provision for discovery of the written summary of expert testimony in RCr 7.24(1)(c) was added in the amendments to the Rules of Criminal Procedure in 2010, effective January 1, 2011.

omitted). Our Court specifically noted that the "language [in RCr 7.24(6)] ... carries a strong inference that the trial court retains broad discretion outside the dictates of the rule." *Id.* at 43 n. 1.

RCr 7.10 through RCr 7.20 allow for the taking and use of depositions in criminal cases

> [i]f it appears that a prospective witness may be unable to attend or is or may be prevented from attending a trial or hearing or is or may become a nonresident of the Commonwealth, [and] that the witness's testimony is material and that it is necessary to take the witness's deposition in order to prevent a failure of justice....

RCr 7.10(1). RCr 7.10(2) also calls for the taking of a deposition if the witness has been committed as an indispensable witness under RCr 7.06 (i.e., the witness is indispensable and there are reasonable grounds to believe that it will be impracticable to secure attendance by subpoena), and the witness fails to give bail for his or her appearance.

RCr 7.02(1) provides for subpoenas requiring the witness "to whom it is directed to attend and give testimony at the time and place specified therein." RCr 7.02(5) allows for subpoenas "requiring the attendance of a witness at a hearing or trial...." Relying on the federal courts' construction of Federal Rule of Criminal Procedure 17(a), this Court held in *Hillard v. Commonwealth* that "subpoenas can be used to require a witness's attendance only at formal judicial proceedings and that '[t]he government may not use trial subpoenas to compel prospective trial witnesses to attend pretrial interviews with government attorneys.'" 158 S.W.3d 758, 764–65 (Ky.2005) (quoting *United States v. LaFuente*, 991 F.2d 1406, 1411 (8th Cir. 1993)).

■ Regarding access to witnesses prior to trial, this Court stated in *Radford v. Lovelace*, "It is important for us to remember that 'both sides have the right to interview witnesses before trial.'" 212 S.W.3d 72, 82 (Ky.2006), *overruled on other grounds by Cardine v. Commonwealth*, 283 S.W.3d 641 (Ky.2009) (quoting *United States v. Black*, 767 F.2d 1334, 1337 (9th Cir.1985)). "Witnesses to a crime are not the property of the prosecution or the defense and both sides have an equal right and should have an equal opportunity to interview them." *United States v. Long*, 449 F.2d 288, 295 (8th Cir.1971) (citing *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir.1967) and *Gregory v. United States*, 369 F.2d 185, 188 (D.C.Cir.1966)). As the United States Supreme Court recognized in *United States v. Ash*,

> the interviewing of witnesses before trial is a procedure that predates the Sixth Amendment. In England in the 16th and 17th centuries counsel regularly interviewed witnesses before trial. 9 W. Holdsworth, History of English Law 226–228 (1926). The traditional counterbalance in the American adversary system for these interviews arises from the equal ability of defense counsel to seek and interview witnesses himself.

413 U.S. 300, 318, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

■ And "the prosecution may not interfere with the free choice of a witness to speak with the defense...." *United States v. Pinto*, 755 F.2d 150, 152 (10th Cir.1985). In *Gregory*, the court ruled that the defendant was denied a fair trial where the prosecution told witnesses not to talk to anyone unless the prosecutor was present. 369 F.2d at 189; *see Radford*, 212 S.W.3d at 82. Clearly, the prosecution *cannot* tell a witness not to talk to the defense, and if it does, it may be grounds for dismissal of the charges or

reversal of the conviction. *See United States v. White,* 454 F.2d 435, 438–39 (7th Cir.1971).

■ The right to equal opportunity to interview witnesses is tempered by the fact that "a witness also has the right to refuse to be interviewed by either the defense or the prosecution." *Radford,* 212 S.W.3d at 82 (citing *Black,* 767 F.2d at 1337; *United States v. Rich,* 580 F.2d 929 (9th Cir.1978); *State v. Singleton,* 853 S.W.2d 490, 492 (Tenn.1993); *Dover v. State,* 250 Ga. 209, 296 S.E.2d 710, 712–13 (1982); *Hill v. State,* 366 So.2d 296, 312 (Ala.Crim.App.1978); and *Commonwealth v. Balliro,* 349 Mass. 505, 209 N.E.2d 308 (1965)). *See also United States v. Scott,* 518 F.2d 261, 268 (6th Cir.1975) (recognizing that any witness has the right to refuse to be interviewed if he so desires and is not under or subject to legal process). That being said, the district court's order in this case compelled the Commonwealth to present the witness at a pretrial conference *for the witness to be interviewed.* The order clearly compels attendance for discovery. Therefore, the order exceeds what RCr 7.24 and RCr 8.03 allow, and the issuance of the writ by the circuit court was proper.

■ While the above mentioned criminal rules do not provide for the attendance of the complaining witness at a pretrial conference *for discovery purposes,* the rules likewise do not prohibit the court from so ordering the witness's attendance *so long as the witness is not subpoenaed to compel his testimony at the pretrial conference.* There are reasons that it is advantageous to both sides to produce the prosecuting witness at a pretrial conference, besides the discovery potential. One major motivation would be the opportunity for settlement of the case through the plea bargaining process. Judges need to be able to encourage plea agreements to expedite cases for docket control. Indeed, the purpose of RCr 8.03 is to "promote a fair and expeditious trial." And the fact is that many prosecutors will not agree to a plea deal unless the agreement has the blessing or approval of the prosecuting witness (here the arresting officer). Thus, the presence of the complaining witness may be necessary to facilitate this process.

■ As stated by the court in *Kennedy v. Commonwealth,* "It is not the function of this court upon review to second-guess the wisdom of permitting the plea bargaining process. It exists as a matter of judicial practice in order to expedite the disposition of heavy criminal dockets." 962 S.W.2d 880, 882 (Ky.App.1997). In the present case, the arresting officer could not be subpoenaed to attend the pretrial conference to be interviewed. However, given the wide discretion trial courts need regarding pretrial proceedings, we opine that the trial court has within its discretionary powers the authority to order the Commonwealth to produce the prosecuting witness (the arresting officer) at a pretrial conference, as long as the purpose is not to compel the witness to be interviewed.

Accordingly, we reverse the Court of Appeals' reversal of the writ of prohibition granted by the circuit court in this case, and reinstate the circuit court's writ.

All sitting. All concur.