# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 22, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky ~~FINAL~~

2017-SC-000466-MR

DATE 4/12/18 Kim Redmon, DC

JAMES MORRIS                             APPELLANT

           ON APPEAL FROM COURT OF APPEALS

V.                    CASE NO. 2017-CA-000547

          HENDERSON CIRCUIT COURT NO. 13-CR-00058

HONORABLE KAREN LYNN WILSON,            APPELLEE
JUDGE, HENDERSON CIRCUIT COURT

AND

                              REAL PARTY IN INTEREST

COMMONWEALTH OF KENTUCKY

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

James Allen Morris Jr., proceeding without counsel, has filed this appeal as a matter of right[1] from an order of the Court of Appeals that denied his petition of a writ to prohibit the trial court from vacating Morris's allegedly unlawful guilty plea. Because Morris does not satisfy the legal requirement for the writ he seeks, the Court of Appeals properly denied the petition. We affirm the decision of the Court of Appeals.

---

[1] Ky Const. § 115.

## I. BACKGROUND.

A grand jury indicted Morris on four counts of first-degree robbery, and he ultimately reached a negotiated plea agreement with the Commonwealth, under which Morris pleaded guilty to four counts of second-degree robbery for which he received a sentence of 30 years' imprisonment. The trial court entered judgment accordingly.

Morris later filed a RCr[2] 11.42 motion, requesting the judgment be vacated because it imposed an illegal sentence. Kentucky Revised Statute (KRS) 532.110(1)(c) provides for a maximum aggregate sentence of 20 years' imprisonment for the amended charges for which Morris stood convicted under his guilty plea. The Commonwealth responded, agreeing that the trial court should set aside the illegal sentence but insisting that the case be scheduled for trial on the original charges. The trial court ordered the appointment of counsel to Morris, commenting "it would be more appropriate to appoint counsel for the defendant rather than undo the entire guilty plea without the defendant's consent."

Morris, with the assistance of counsel, continued to assert that the judgment should simply be corrected to reflect a maximum sentence of 20 years' imprisonment rather than 30 years' imprisonment. But the Commonwealth insists that the sentence according to the plea should be vacated and criminal proceedings reinstituted. The trial court vacated the

---

[2] Kentucky Rules of Criminal Procedure.

guilty plea and the judgment of conviction and sentence and scheduled the case for a pretrial conference.

Morris then filed, proceeding without counsel, a petition for a writ of prohibition in the Court of Appeals, attempting to prevent the trial court from proceeding further with prosecution of the original first-degree robbery charges and to compel the trial court to reinstate its order "not to undo the entire guilty plea."[3] The Court of Appeals denied the writ petition, finding that Morris has alternative adequate remedies, including the filing of a direct appeal from the trial court's order regarding his RCr 11.42 motion. Morris then appealed to this Court.

## II. ANALYSIS.

We review the Court of Appeals' decision to deny Morris's writ of prohibition[4] for an abuse of discretion.[5] "However, if the basis for the grant or denial involves a question of law, the appellate court reviews this conclusion de

---

[3] This awkward phrasing is what Morris seeks as his relief. It appears that Morris took the trial court's statement, that "it would be more appropriate to appoint counsel for the defendant rather than undo the entire guilty plea without the defendant's consent," as a prohibition on vacating the guilty plea. Morris takes the words of the trial court quite literally and argues that this pronouncement proscribes the trial court's ability to enter any further order that would contravene this language. Essentially, Morris assumes that this order by the trial court was a final order completely adjudicating his RCr 11.42 motion. As will be explained, this is incorrect.

[4] Morris interchangeably uses the terms writ of "prohibition" and "mandamus" to describe his original action in the Court of Appeals. This Court in *Mahoney v. McDonald-Burkman* reiterated that the standard for granting a writ of prohibition or mandamus is the same, and so the terms can be used interchangeably for the purposes of this opinion. 320 S.W.3d 75, 77 n.2 (Ky. 2010) (citing *Martin v. Administrative Office of Courts*, 107 S.W.3d 212, 214 (Ky. 2003)).

[5] *Commonwealth v. Peters*, 353 S.W.3d 592, 595 (Ky. 2011) (quoting *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)).

novo."[6] "If the court with which the petition is filed bases its ruling on a factual determination, this finding of fact is reviewed for clear error."[7]

This Court in *Commonwealth v. Peters* explained that "relief by way of a writ of prohibition is an 'extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief.'"[8] Writ cases are divided into essentially two classes based on whether the inferior court allegedly is acting: (1) without jurisdiction (which included "beyond its jurisdiction"); or (2) erroneously within its jurisdiction.[9]

When the petitioner is alleging that the lower court is acting erroneously within its jurisdiction, "a writ will only be granted when two threshold requirements are satisfied: there exists no adequate remedy by appeal or otherwise; and the petitioner will suffer great and irreparable harm."[10] Under the "certain special cases" exception, the writ can be granted "in the absence of a showing of specific great and irreparable injury...provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration."[11] But, the certain special cases exception still

---

[6] *Id.*

[7] *Id.*

[8] *Peters*, 353 S.W.3d at 595 (quoting *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004)).

[9] *Id.*

[10] *Peters*, 353 S.W.3d at 595 (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 18 (Ky. 2004).

[11] *Peters*, 353 S.W.3d at 595 (quoting *Bender*, 343 S.W.2d at 801 (emphasis in original)).

4

requires a showing of a lack of an adequate remedy by appeal when the alleged error is that of the court erroneously acting within its jurisdiction. [12]"No adequate remedy by appeal or otherwise means that the injury to be suffered...'could not therefore be rectified by subsequent proceedings in the case."[13]

Morris claims that the Court of Appeals erred in two ways when it denied his writ petition. First, Morris claims that the Court of Appeals should have automatically granted his writ petition, because the respondents, Judge Wilson and the Commonwealth, did not file responses to his writ petition in the Court of Appeals. But Morris has not cited to any rule of law that states that a petitioner for a writ is entitled to an automatic grant if the respondent fails to file a response, and we decline to adopt such a rule today. So the Court of Appeals did not err in reaching the merits of Morris's petition, and we shall do the same.

Second, Morris argues that the Court of Appeals failed to recognize that he satisfied the requirements for the granting of his petition. But this argument fails, as well. Morris alleges that the trial court is acting erroneously outside its jurisdiction because it entered an invalid order vacating the guilty plea when it specifically entered an earlier order purportedly stating that it would not undo the guilty plea. This argument is without merit, mainly because it erroneously

---

[12] *Independent Order of Foresters v. Chauvin,* 175 S.W.3d 610, 617 (Ky. 2005) (citing *Bender,* 343 S.W.2d at 801)).

[13] *Ridgeway Nursing & Rehabilitation Facility, LLC v. Lane,* 415 S.W.3d 635, 640 (Ky. 2013) (quoting *Bender,* 343 S.W.2d at 802).

5

assumes that the trial court's statement regarding the need to appoint counsel for him was an order of the Court sustaining his position not to "undo the entire plea agreement."

The trial court's original order in this case, in response to Morris's RCr 11.42 motion, did nothing to displace the jurisdiction it had over Morris, as a final determination on Morris's RCr 11.42 motion had never been entered. The trial court's statement, that "it would be more appropriate to appoint counsel for the defendant rather than undo the entire guilty plea without the defendant's consent," is neither a declaration that the guilty plea can never be undone, nor a final order; rather, it is a statement by the trial court that the appropriate relief as of that point in time was to appoint counsel to assist Morris in further developments of the case and to assist Morris in arguing the merits of his RCr 11.42 motion. In other words, the trial court never made a final ruling as to the merits of Morris's RCr 11.42 motion—it simply ordered that counsel be appointed to assist Morris in arguing such merits. Therefore the trial court cannot be said to have lost jurisdiction over the case because it never ceased to exercise its jurisdiction. The original comment upon which Morris relies did not conclusively adjudicate his RCr 11.42 motion. Morris's writ petition fails for having not met the requirements for a valid writ petition under the first class of such petition.

Morris's writ petition also fails the second and "certain special cases" writ petition classes' requirements. As stated, both classes require, among other things, that the petitioner not have any other adequate remedy by appeal. In

6

this case, as the Court of Appeals acknowledged, Morris has a different adequate remedy by appeal—Morris can file a direct appeal of the trial court's actual final order on his RCr 11.42 motion. Because Morris has an adequate alternative remedy, his petition cannot satisfy this requirement of the second and "certain special cases" classes for a writ petition.

### III.     CONCLUSION.

Morris cannot satisfy the requirements for the grant of a petition for writ of prohibition. As such, we affirm the Court of Appeals' denial of Morris's writ petition because the Court of Appeals did not abuse its discretion in doing so.

All sitting. All concur.


COUNSEL FOR APPELLANT:

James A. Morris, #267917, *pro se*
Eastern Kentucky Correctional Center

Honorable Karen Lynn Wilson, Judge
Henderson Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Andy Beshear
Attorney General of Kentucky

Perry Thomas Ryan
Assistant Attorney General

William I. Markwell Jr.
Assistant Attorney General