# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: JUNE 14, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2018-SC-000128-OA

DATE 7/6/18 Kim Redmon, DC

JOHN MILLS                                                PETITIONER

V.                                    IN THE SUPREME COURT

HONORABLE STEPHEN JONES, SPECIAL                   RESPONDENT
JUDGE KNOX CIRCUIT COURT

AND

COMMONWEALTH OF KENTUCKY                REAL PARTY IN INTEREST

### MEMORANDUM OPINION OF THE COURT

### DENYING PETITION FOR WRIT OF PROHIBITION AND WRIT OF MANDAMUS

A jury convicted John Mills of murder, first-degree robbery, and first-degree burglary, and sentenced him to death. After an unsuccessful direct appeal from the final judgment, Mills initiated post-conviction proceedings under Kentucky Rule of Criminal Procedure ("RCr") 11.42 in the trial court. The trial court granted him partial relief by vacating the death sentence after determining that he received ineffective assistance of counsel in the capital sentencing phase of the trial. After unsuccessful appeals of the trial court's post-conviction ruling

by both Mills and the Commonwealth, Mills's case is back before the trial court, which is about to start the re-trial of the capital sentencing phase.

Mills now petitions this court for a writ of prohibition, attempting to prevent any consideration of the death penalty in the re-trial. Mills alleges that the trial court erred when it denied his motion to exclude the possibility of a death sentence because he is intellectually disabled.

We conclude that Mills has not made the requisite showing for the grant of a writ of prohibition because adequate remedies exist that preclude this Court from granting Mills's writ petition. So we deny Mills's writ petition.

## I. BACKGROUND.

In advance of the re-trial date, Mills filed a motion to exclude the death penalty from consideration. The trial court conducted a hearing in which Mills presented expert and lay witness testimony in support of his claim of intellectual disability. At the end of the hearing, the trial court ordered Mills to file a memorandum of law in support of his motion to exclude consideration of the death penalty, allowing a response from the Commonwealth. After both parties filed their respective memoranda, the trial court denied Mills's motion, thus allowing consideration of the death penalty during the sentencing phase of Mills's trial.

Mills then petitioned this Court for a writ of prohibition, seeking to prohibit any possible consideration of the death penalty during the sentencing phase of his trial. As Mills's trial was scheduled for the week following the denial of Mills's motion, the trial court entered an order staying proceedings pending this Court's determination of Mills's writ petition.

2

## II. ANALYSIS.

### A. Writ Standard.

This Court in *Commonwealth v. Peters* explained that "relief by way of a writ of prohibition is an 'extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief.'"[1] Writ cases are divided into essentially two classes based on whether the inferior court allegedly is acting: (1) without jurisdiction (which includes "beyond its jurisdiction"); or (2) erroneously within its jurisdiction.[2]

When the petitioner is alleging that the lower court is acting erroneously within its jurisdiction, "a writ will only be granted when two threshold requirements are satisfied: there exists no adequate remedy by appeal or otherwise; and the petitioner will suffer great and irreparable harm."[3] Under the "certain special cases" exception, the writ can be granted "in the absence of a showing of specific great and irreparable injury...provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration."[4] But the certain special cases exception still requires a showing of a lack of an adequate remedy by appeal when the alleged error is that of the court erroneously acting within its jurisdiction.[5] No

---

[1] 353 S.W.3d 592, 595 (Ky. 2011) (quoting *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004)).

[2] *Id.*

[3] *Peters*, 353 S.W.3d at 595 (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 18 (Ky. 2004)).

[4] *Peters*, 353 S.W.3d at 595 (quoting *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961) (emphasis in original)).

[5] *Independent Order of Foresters v. Chauvin*, 175 S.W.3d 610, 617 (Ky. 2005) (citing *Bender*, 343 S.W.2d at 801)).

adequate remedy by appeal or otherwise means that the injury to be suffered…'could not therefore be rectified by subsequent proceedings in the case.'"[6]

### B. Mills's petition does not satisfy the "no-adequate-remedies" prong.

Mills's petition falls under the second class of writ petitions because he alleges that the trial court is acting erroneously within its jurisdiction by allowing the jury to consider the imposition of the death penalty on an allegedly intellectually disabled defendant. So for this Court to grant Mills's writ petition, Mills must first establish that he has no adequate remedy by appeal or otherwise for what he seeks. The Commonwealth's entire argument is on this point—the Commonwealth argues that Mills does have adequate remedies by appeal or otherwise, and therefore this Court should deny his writ petition.

We agree with the Commonwealth that Mills has adequate remedies to redress his true grievance—a sentence of death. First, Mills has filed in the trial court a motion to reconsider its decision, which the trial court may be obliged to do considering this Court's opinion rendered today in *Woodall v. Commonwealth*.[7] Second, the re-trial has not begun, so this Court may be prematurely ruling on something that may not happen—a jury may decide to recommend a sentence other than death. Third, if Mills were sentenced to death, he will have the automatic right to a direct appeal to this Court under

---

[6] *Ridgeway Nursing & Rehabilitation Facility, LLC v. Lane*, 415 S.W.3d 635, 640 (Ky. 2013) (quoting *Bender*, 343 S.W.2d at 802)).

[7] 2017-SC-000171-MR (Ky. June 13, 2018) (holding that Kentucky courts must adhere to the United States Supreme Court's precedent on ascertaining intellectual disability for the purpose of precluding the imposition of the death penalty, which considers a totality of the circumstances according to prevailing medical standards and renders KRS 532.130(2) unconstitutional).

Section 110(2)(b) of the Kentucky Constitution. Fourth, Mills can attempt to vacate his death sentence by collateral attack through such mechanisms as a RCr 11.42 motion and Kentucky Rules of Civil Procedure ("CR") 60.02 and 60.03 motion.

Understandably, Mills would prefer not to undergo a re-trial in which the jury may consider imposing death. But our purposely rigorous writ petition standard serves to maintain this Court's "compelling interest in maintaining an orderly appellate process."[8] When a petitioner alleges that a court is acting erroneously within its jurisdiction, writ petitions are only available to those petitioners who have no adequate alternative remedy—this, and only this, is what a writ petition in this context is designed to address. Simply because a trial court may be proceeding erroneously does not automatically entitle a defendant to redress by writ petition. In this case, Mills does have adequate remedies to attack a potential future death sentence if one is even issued.

### III.    CONCLUSION.

For these reasons, Mills's petition does not satisfy the no-adequate-remedy requirement, so we must deny it.

All sitting. All concur.

COUNSEL FOR PETITIONER:

Joanne Lynch
Assistant Public Advocate

Honorable Stephen Michael Jones, Judge
Laurel and Knox Circuit Court

---

[8] *Ready v. Jamison*, 705 S.W.2d 479, 482 (Ky. 1986).

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF
KENTUCKY:

Andy Beshear
Attorney General of Kentucky

Jason Bradley Moore
Assistant Attorney General

Jackie Lynn Steele
Assistant Attorney General