# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# Supreme Court of Kentucky

## 2022-SC-0273-OA

OFFICE OF BAR COUNSEL                                                    MOVANT


V.                             IN SUPREME COURT
                        (KBA FILE NOS. 19-DIS-0054
                           AND 19-DIS-0055)

KENTUCKY BAR ASSOCIATION BOARD OF                      RESPONDENT
GOVERNORS

AND

PERRY THOMAS RYAN AND
DAVID MICHAEL WILLIAMS                      REAL PARTIES IN INTEREST


## **OPINION AND ORDER**

This matter comes to us in the unique posture of the Office of Bar

Counsel petitioning this Court for a writ of mandamus requiring the Kentucky

Bar Association Board of Governors to vacate its Order Remanding to the Trial

Commissioner the disciplinary proceedings against Perry Thomas Ryan and

David Michael Williams for an evidentiary hearing.  SCR[1] 3.370(5)(d).  Because

Bar Counsel has failed to demonstrate "great injustice and irreparable harm" or

the lack of an adequate remedy by appeal, we deny its Petition.

---

[1] Kentucky Rules of Supreme Court.

## I. Facts and Procedural Background.

The disciplinary cases against Ryan and Williams arise from their roles in prosecuting Garr Keith Hardin and Jeffrey Dewayne Clark, who had been convicted of the 1992 murder of Rhonda Warford. Their convictions were affirmed on direct appeal, *Hardin v. Commonwealth*, 95–SC–000461–MR (Ky. Aug. 29, 1996); *Clark v. Commonwealth*, 95–SC–000453–MR (Ky. Oct. 2, 1997) and upheld in post-conviction proceedings. *E.g.*, *Clark v. O'Dea*, 257 F.3d 498 (6th Cir. 2001) (federal habeas corpus); *Hardin v. Commonwealth*, 2001-CA-1782-MR, 2003 WL 21106138 (Ky. App. May 16, 2003) (RCr 11.42 ineffective assistance of counsel). In 2013, however, this Court held that Hardin and Clark were entitled to release of physical evidence for DNA testing. *Hardin v. Commonwealth*, 396 S.W.3d 909 (Ky. 2013). Following that testing, the Meade Circuit Court, in July 2016, granted their motion for a new trial. On the Commonwealth's appeal, we upheld the circuit court's Order. *Commonwealth v. Clark*, 528 S.W.3d 342 (Ky. 2017).

Following the circuit court's order granting a new trial, the Commonwealth, acting through Ryan and Williams, obtained, in September 2016 and March 2017, additional indictments against Hardin and Clark for kidnapping and perjury. These additional indictments were based on the Warford murder and statements to the Kentucky Parole Board. At the time, Ryan was a Staff Attorney in the Appeals Branch of Office of the Attorney General and Williams was the Meade Commonwealth's Attorney.

2

Both Ryan and Williams ceased any role in prosecuting Hardin and Clark at some point in 2017, and the Office of Attorney General was substituted as special prosecutor. In January 2018, the circuit court dismissed the additional indictments due to its finding of vindictive prosecution.

In early 2019, Ryan and Williams had ethical complaints filed against them based on their actions in procuring the additional indictments, as set forth in the circuit court's January 2018 Order dismissing. The Inquiry Commission ultimately filed four-count charges against both Ryan and Williams, alleging violations of SCR 3.130 (3.1), (3.4(f)), (3.8(a)) and (8.4(c)). Following the filing of answers to the charges, the matter was assigned to a trial commissioner.

One of the issues presented to the Trial Commissioner was the preclusive effect of the circuit court's January 2018 Order, and whether Ryan and Williams were collaterally estopped from contesting the Order or presenting evidence to rebut findings set forth therein. In December 2020, the Trial Commissioner ruled that Ryan and Williams were so limited, and that the January 2018 Order "provides conclusive evidence of the facts[, and] is a final order." It ruled Ryan and Williams were precluded from re-litigating those issues by collateral estoppel. Ryan and Williams filed a motion for reconsideration which was denied.

The Trial Commissioner conducted a hearing in August 2021 which excluded Ryan's and Williams' proposed witnesses, Judge Bruce T. Butler, who had issued the January 2018 Order, and Christopher Cohron,

3

Commonwealth's Attorney for the 8th Judicial Circuit, who was to testify on the Kentucky grand jury process. The day after the hearing, Ryan and Williams took testimony by avowal, including that of Judge Butler, outside the hearing of the Trial Commissioner, and including avowal exhibits.

In October 2021, the Trial Commissioner filed his report finding Ryan and Williams had violated the rules, as charged. He then entered his Order and Amended Report in January 2022, recommending a sanction for each Ryan and Williams of 180 days suspension, to serve 30 days with the balance probated for two years. Following an appeal to the Board of Governors, the parties were permitted oral argument.

Following that argument, the Board of Governors entered an Order on June 6, remanding the matter to the Trial Commissioner. The Board's Order recites its unanimous decision, pursuant to SCR 3.370(5)(d), "to remand the case to the Trial Commissioner for a new evidentiary hearing, having found as a matter of law that the Trial Commissioner erred in the application of collateral estoppel in this case." The Board provided its analysis of the application of collateral estoppel, and then stated,

> The Board acknowledges its ability to reject the Trial Commissioner's Report and consider this matter *de novo* pursuant to SCR 3.370(5)(a)(ii). However, the Board finds remanding this action to the Trial Commissioner to consider the excluded evidence to be the better course of action. SCR 3.370(5)(d) provides that "[a]t any time during deliberations the Board . . . may remand the case to the Trial Commissioner . . . for an evidentiary hearing on points specified in the order of remand." The Respondents introduced various avowal testimony during the hearing before the Trial Commissioner. However, avowal testimony is limiting to the Board. It is used to preserve evidentiary questions on appeal, not to be testimony upon which a decision should be rendered. The

4

Board believes that the Trial Commissioner as the initial finder of fact should fully hear and consider such testimony in entering its report. This will afford each party the right and opportunity to effectively cross examine such witnesses and fully present their case.

Therefore, on remand, the Trial Commissioner is Ordered to conduct a hearing with respect to all four charges filed against the Respondents (violation of SCR 3.130(3.1); SCR 3.130(3.4)(f); SCR 3.130(3.8)(a); and SCR 3:130(8.4)(c)) in light of new evidence to be presented by the parties that was improperly excluded as a result of the Trial Commissioner's Order of December 17, 2020, which incorrectly found that collateral estoppel was applicable. Said evidence would include, but would not be limited to, the avowal evidence presented by the Respondents on August 6, 2021.

Following the entry of the Board's Order, Bar Counsel filed its Petition for a Writ of Mandamus for an Order requiring the Board to vacate its Order of Remand, and either to make a recommendation or review, pursuant to SCR 3.370(5)(a) or to comply with SCR 3.370(5)(d) by entering an order "for an evidentiary hearing on points specified in the order of remand."

## II.     Standard for Issuance of a Writ of Mandamus or Prohibition.

This case is unusual since typically Bar Counsel represents the Board of Governors and the Kentucky Bar Association in proceedings before us, whereas here, Bar Counsel is proceeding against the Board, in its quasi-judicial role in a bar disciplinary matter. In addition, we typically review writ decisions of the Court of Appeals, whereas in this case, we are asked to make that determination as the body to which disciplinary matters are brought as a matter of right. A further complication is that decisions of trial commissioners and the Board are merely advisory since this Court has final authority over bar discipline. Kentucky Const. § 116; *see, e.g., Ky. Bar Ass'n, Hines,* 399 S.W.3d

5

750, 771 (Ky. 2013) (noting this Court's close to plenary power over bar discipline and that the Board's decision is advisory only).

Ryan and Williams filed a response to Bar Counsel's petition and expressed their preference that the Board should have conducted a de novo review, SCR 3.370(5)(a)(ii), but did not object to the Order of Remand. The Board filed a Notice waiving any response to Bar Counsel's petition.

Notwithstanding the foregoing, Bar Counsel has invoked this Court's jurisdiction seeking an extraordinary writ. The decision whether to issue such a writ is a question of judicial discretion. *Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2019) (quoting *Appalachian Racing, LLC v. Commonwealth*, 504 S.W.3d 1, 3 (Ky. 2016)). The issuance "of a writ is an extraordinary remedy that is disfavored by our jurisprudence. We are, therefore, 'cautious and conservative both in entertaining petitions for and in granting such relief.'" *Caldwell v. Chauvin*, 464 S.W.3d 139, 144-45 (Ky. 2015) (citing *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013); *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)). Writs "are truly extraordinary in nature and are reserved exclusively for those situations where litigants will be subjected to substantial injustice if they are required to proceed." *Independent Ord. of Foresters v. Chauvin*, 175 S.W.3d 610, 615 (Ky. 2005). "The exigency must be extreme, the threatened danger practically certain, and the consequent irremediable injury equally imminent, before the writ should be so employed. It must be rare when the occasion can arise."

*Kleinfeld*, 568 S.W.3d at 331 (quoting *Hager v. New South Brewing Co.*, 28 Ky. L. Rptr. 895, 90 S.W. 608, 609 (1906)).

As noted in *Kleinfeld*, writ cases are essentially divided into two classes, "based on whether the inferior court allegedly is acting: (1) without jurisdiction (which includes 'beyond its jurisdiction'); or (2) erroneously within its jurisdiction." *Id.* at 332 (citing *Commonwealth v. Peters*, 353 S.W.3d 592, 595 (Ky. 2011)). In this matter, the Board clearly has jurisdiction, so Bar Counsel must be seeking a writ under the second category. Within the second category, a tribunal acting erroneously within its jurisdiction, the petitioner must demonstrate two threshold requirements: it has "no adequate remedy by appeal or otherwise; and [it] will suffer great and irreparable harm." *Peters*, 353 S.W.3d at 595 (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 18 (Ky. 2004)). We reiterated in *Kleinfeld*, that "[u]nder the certain-special-cases exception, the writ can be granted 'in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration.'" 568 S.W.3d at 332 (quoting *Peters*, 353 S.W.3d at 595) *Bender*, 343 S.W.2d at 801). But the certain-special-cases exception still requires a showing of a lack of an adequate remedy by appeal when the alleged error is that the court is erroneously acting within its jurisdiction. *Independent Ord. of Foresters*, 175 S.W.3d at 617 (citing *Bender*, 343 S.W.2d at 801). "No adequate remedy by appeal or otherwise means that the injury to be suffered . . . 'could not

7

therefore be rectified by subsequent proceedings in the case.'" *Kleinfeld*, 568 S.W.3d at 332-33 (quoting *Ridgeway Nursing*, 415 S.W.3d at 640).

Carefully considering Bar Counsel's voluminous pleadings, its argument essentially comes down to the contention that the Board erred in its Order of Remand since under the precise terms of SCR 3.370, its options were (a) accepting the trial commissioner's report, SCR 3.370(5)(a)(i); (b) conducting a de novo review, SCR 3.370(5)(a)(ii); or (c) remanding the case to the Trial Commissioner "for an evidentiary hearing on points specified in the order of remand." SCR 3.370(5)(d). Bar Counsel argues that the Board's Order of Remand too broadly orders a completely new hearing, which not only violates SCR 3.370(5)(d) but also SCR 3.400 which limits re-hearings to newly discovered evidence. Bar Counsel argues that it has no adequate remedy by appeal or otherwise and that great injustice and irreparable injury will occur since the Board has ordered an unnecessary hearing, offers no guidance to the Trial Commissioner as to the purpose or parameters of the hearing as required by SCR 3.370(5)(d), and such a hearing prolongs these disciplinary proceedings. We do not read the Board's Order so broadly and anticipate that the remand to the Trial Commissioner will be limited to hear live testimony only from the witnesses who provided the avowal testimony. The fact, however, that parties are subjected to the time and expense of additional proceedings does not constitute great injustice and irreparable injury. *See Spears v. Goodwine*, 490 S.W.3d 347, 353 (Ky. 2016) (stating that "inconvenience, expense, annoyance, and other undesirable aspects of litigation are insufficient

8

to constitute irreparable injury. Rather, the injury should be of a ruinous or grievous nature[]") (internal quotation marks and citation omitted). In any event, because this Court has final authority over attorney discipline and conducts a de novo review any Board errors can be corrected on review to this Court. Thus, Bar Counsel functionally has an adequate remedy by appeal.

## **ORDER**

Considering the record presented to us, Bar Counsel has failed to demonstrate lack of an adequate remedy by appeal or otherwise or that it will suffer great and irreparable harm. The Office of Bar Counsel's Petition for Relief under CR 76.36(1) is therefore DENIED.

All sitting. All concur.

ENTERED: October 20, 2022.

_____
CHIEF JUSTICE