**F.T.P., an Unnamed Child (Real Party in Interest), Appellant,**

v.

**COURIER–JOURNAL and Louisville Times Company, Kay Stewart, Cary Willis and Martin E. Johnstone, Judge Jefferson Circuit Court, Appellees.**

**COURIER–JOURNAL and Louisville Times Company, Kay Stewart and Cary Willis, Cross–Appellants,**

v.

**F.T.P. an Unnamed Child (Real Party in Interest), and Martin E. Johnstone, Judge Jefferson Circuit Court, Cross–Appellees.**

**Nos. 89–SC–103–MR, 89–SC–126–MR.**

Supreme Court of Kentucky.

June 8, 1989.

Rehearing Denied Sept. 7, 1989.

J. David Niehaus, Daniel T. Goyette, Kenneth L. McCardwell, Jefferson Dist. Public Defenders, Louisville, for appellant/cross appellees.

Jon L. Fleischaker, Kimberly K. Greene, William H. Hollander, Wyatt, Tarrant & Combs, Louisville, for appellees/cross-appellants.

COMBS, Justice.

F.T.P., an unnamed juvenile, appeals from so much of an opinion and order of the Court of Appeals permitting appellees/cross-appellants to attend and report juvenile proceedings at the appellate level. Appellees/cross-appellants appeal from so much of the same opinion and order denying them access to his juvenile court records.

F.T.P. faces charges in the Juvenile Session, Jefferson County District Court. At the time of the alleged offense he was under the care, custody and control of the Cabinet for Human Resources. The present controversy arose when the Commonwealth sought to transfer the case to the Jefferson Circuit Court, for trial of F.T.P. as a youthful offender. This prompted the juvenile's attorney to challenge the constitutionality of the transfer statute, KRS 640.010. On January 22, 1988, the district court entered an order declaring the transfer statute unconstitutional due to vagueness because the statute failed to set forth appropriate standards for the making of a transfer determination.

After the Commonwealth appealed this order to Jefferson Circuit Court, Kay Stewart, one of the Courier's staff writers, requested access to the court file. Her request was denied because an order had previously been entered sealing the record. On April 21st the Courier filed motions to intervene and for access to the records. After a hearing Judge Martin E. Johnstone of the Jefferson Circuit Court entered an order permitting the intervention but denying access to the record.

On September 26th Cary Willis, another staff writer, was present at a hearing on the appeal in circuit court. At that time counsel for F.T.P. requested the court to close the proceeding to both the press and public. A hearing on this motion was held on September 30th before Judge Johnstone. On October 7th the court entered an order denying the Courier and its reporters access to the appeal hearings.

The court based its rulings upon provisions of KRS 610.070(3) and 610.340(1), which are as follows:

KRS 610.070(3)

The general public shall be excluded and only the immediate families or guardians of the parties before the court, witnesses necessary for the prosecution and defense of the case, the probation worker with direct interest in the case, such persons admitted as the judge shall find have a direct interest in the case or in the work of the court, and such other persons as agreed to by the child and his attorney may be admitted to the hearing. Witnesses shall be admitted to the hearing only for the duration of their testimony.

KRS 610.340(1)

Unless a specific provision of KRS Chapters 600 to 645 specifies otherwise, all juvenile court records of any nature generated pursuant to KRS Chapters 600 to 645 by any agency or instrumentality,

public or private, shall be deemed to be confidential and shall not be disclosed except to the child or parent unless ordered by the court for good cause.

It is the paper's contention that the first amendment to the United States Constitution, and Section 8 of Kentucky's Constitution as well as the common law rule gives it a right to be present at these hearings. The Courier did not challenge the constitutionality of the closure statutes, 610.070(3) and 610.340.

It was and is the Courier's contention that KRS 600.020(12) defines "court" to mean only the juvenile session of the district court, and that since the matter was on appeal to the Jefferson Circuit Court the statutes were inapplicable. In discussing this phase of the case we would like to point out that the opening words of KRS 600.020 make the definition conditional:

> As used in KRS Chapter 600 to 645, *unless* the context requires otherwise:
> . . . .
> (12) "Court" means the juvenile session of the district court,.... [Emphasis added.]

On October 10, 1988, the Courier filed an original action in the Court of Appeals seeking to prohibit Judge Johnstone from enforcing his order closing the proceedings concerning the juvenile.

On February 3, 1988, the Court of Appeals issued a Writ prohibiting Judge Johnstone from excluding the Courier from hearings in this case and from closing the circuit court record. The concluding paragraph of the opinion and order of the court is as follows:

> Therefore, the respondent is hereby prohibited from closing to the petitioners any hearings in the subject appeal now pending before him and from closing to them so much of the record on appeal even [sic] *as does not consist of the juvenile court record.* [Emphasis added.]

The purpose of the shroud of secrecy and confidentiality mandated by the above cited statutes is to protect the juvenile. Clearly this purpose was uppermost in the minds of the General Assembly. It was intended that trials of juveniles not be publicized in the news media, as such publicity would possibly deprive the juvenile of a fair trial and, more particularly, would likely diminish his or her prospect for rehabilitation. To exclude the press at the district level, but admit them at the appellate level would tend to nullify the original intent and purpose of the legislature and the wholesome policy of the Uniform Juvenile Act.

F.T.P. is still a juvenile and still entitled to protection of the Act. The transfer hearing has not as yet been concluded. It may be that this case will ultimately be transferred to the circuit court for trial. If and when that occurs F.T.P. will then be stripped of the protection afforded by these statutes and will be treated as an adult, but until that happens we must comply with the law as written by our General Assembly and exclude the public and press from all proceedings, both at the district and appellate levels.

Analyzing KRS 600.020(12) in the light of Section 115 of our constitution which guarantees to all citizens including all juveniles at least one appeal, and when considering it in the light of the above mentioned statutes, we conclude that the context requires a construction other than that made by the Court of Appeals and urged by the Courier.

Excluding the press from these proceedings does not violate or do violence to either the federal or the state constitution. F.T.P.'s right to a fair trial, and the public's interest in fostering opportunities for rehabilitation transcend the right of the press to an instantaneous reporting.

For the foregoing reasons, the action of the Court of Appeals is affirmed in part and reversed in part. All judicial tribunals will remain closed to the press and the public unless and until F.T.P.'s status is changed.

STEPHENS, C.J., and GANT, LAMBERT and VANCE, JJ., concur.

LEIBSON, J., concurs in part, dissents in part by separate opinion in which WINTERSHEIMER, J., joins.

LEIBSON, Justice, concurring in part, dissenting in part.

The constitutionality of the new juvenile transfer statute, KRS 640.010, is a matter

of public importance, and the public and news media should have access to the appellate court proceedings regarding same except to the extent necessary to protect the juvenile as contemplated by KRS 610.-070 and KRS 610.340. These confidentiality limitations should be understood in the context of KRS 600.020(12), which limits the term "court" as used in these statutes to the "juvenile session of district court."

Because this juvenile's case is still pending in the juvenile session of the district court, F.T.P. is entitled to the statutory protection in KRS 610.070 and KRS 610.-340, but limited to the factual material pertaining to the juvenile in the record and evidence developed in Juvenile Court. To the extent this factual material is referred to or discussed in the circuit court appeal, confidentiality should be afforded. Beyond that point statutory confidentiality is not afforded, and should not be provided.

My interpretation of the decision of the Court of Appeals is that it is consistent with the position thus stated. Therefore, I would affirm the Court of Appeals.

WINTERSHEIMER, J., joins.