RENDERED: JANUARY 20, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0379-OA

| | |
|---|---|
| THE CINCINNATI ENQUIRER, A DIVISION OF GANNETT GP MEDIA, INC. | PETITIONER |

| V. | ORIGINAL ACTION IN SUPREME COURT ARISING FROM THE COURT OF APPEALS NOS. 2019-CA-1620, 2020-CA-0525, 2020-CA-1096 |
|---|---|

| | |
|---|---|
| HONORABLE DONNA L. DIXON, JUDGE, KENTUCKY COURT OF APPEALS; AND HONORABLE DENISE G. CLAYTON, CHIEF JUDGE, KENTUCKY COURT OF APPEALS | RESPONDENTS |

AND

| | |
|---|---|
| C.H.; J.H.; C.M.; S.C.; T.C.; AND COMMONWEALTH OF KENTUCKY | REAL PARTIES IN INTEREST |

**OPINION OF THE COURT BY JUSTICE NICKELL**

**REVERSING AND REMANDING**

The Cincinnati Enquirer, a Division of Gannett GP Media, Inc., ("Enquirer") seeks a writ of mandamus directed at two judges of the Kentucky Court of Appeals who preside over separate appeals[1] in which the Enquirer was

---

[1] The two Court of Appeals cases are *C.H. v. J.H.,* 2019-CA-1620-DG, and *Commonwealth ex rel. Cameron v. C.M.,* 2020-CA-0525-DG and 2020-CA-1096-DG.

denied leave to intervene. For the reasons that follow, we grant the writ and reverse the decisions of the Court of Appeals.

The matters underlying this action concern constitutional challenges to the Matthew Casey Wethington Act for Substance Abuse Intervention, commonly known as Casey's Law, KRS[2] 222.430. All proceedings in such actions are confidential and not open to the general public. *See* KRS 222.436; KRS 202A.091(1). In accordance with those statutory provisions, the Court of Appeals entered orders in each action directing the record remain confidential and restricting access to the Court, the parties or their attorneys, and the Attorney General. The Enquirer moved to intervene in each action for the express purpose of obtaining access to court records. Intervention was denied in each instance,[3] prompting the filing of the instant writ petition. The Commonwealth filed a response supporting the Enquirer's position. Real party in interest, C.M., filed a response in opposition.

Writs represent an "extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief." *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 808 (Ky. 2004) (quoting *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961)). "[W]hether to grant or deny a petition for a writ is within the appellate court's discretion." *Rehm v.*

---

[2] Kentucky Revised Statutes.
[3] In *C.H.,* because the appeal had been dismissed due to C.H.'s death, the Court of Appeals denied the Enquirer's motion as moot. The Court of Appeals denied the motion in *C.M.* based on the statutory confidentiality mandates.

*Clayton*, 132 S.W.3d 864, 866 (Ky. 2004) (citation omitted). The circumstances warranting the grant of a writ are limited:

> A writ . . . *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Here, the Enquirer does not challenge the jurisdiction of the Court of Appeals, but rather claims that court erroneously denied access to the record.

Typically, the Enquirer would have to first demonstrate it is without an adequate remedy by appeal or otherwise and that great injustice and irreparable injury would result without issuance of the writ *before* we would consider the merits of its claim. *See Trude*, 151 S.W.3d at 808. Yet, under this Court's holding in *Courier-Journal and Louisville Times Co. v. Peers*, 747 S.W.2d 125, 128-29 (Ky. 1988), "the news media have been made an exception to the usual rules regarding standing to intervene and standing to seek mandamus where access is denied" as it "represents exigent circumstances justifying coming directly to the appellate courts for an extraordinary remedy[.]" *See also Roman Catholic Diocese of Lexington v. Noble*, 92 S.W.3d 724, 728 (Ky. 2002) (Once a media representative moves to intervene and requests a hearing, the representative may attack an adverse ruling by petitioning . . . for a writ of mandamus or prohibition.) (citing *Peers*, 747 S.W.2d at 129). This is so because "[t]he First Amendment guarantee of freedom of the press and the

3

Sixth Amendment guarantee of public trial in criminal cases, as presently interpreted and applied in judicial decisions, have placed the news media in a unique position in demanding access to court proceedings[,]" a position that "includes the right to gather news about a civil case." *Peers*, 747 S.W.2d at 127-28 (citing *Branzburg v. Hayes*, 408 U.S. 665 (1972); *CBS, Inc. v. Young*, 522 F.2d 234 (6th Cir. 1975)). News outlets occupy "a unique position as the eyes and ears of the public, a status authorizing it to demand access as the public's representative whenever the public's right to know outweighs the litigants' lawfully protected rights." *Peers*, 747 S.W.2d at 128. Thus, the Enquirer's petition is properly before this Court and ripe for review.

The Enquirer contends the Court of Appeals should have permitted it to intervene for the sole purpose of seeking redacted copies of the parties' briefs or, at a minimum, granted a hearing at which it could argue its position. The Enquirer believes Section 14 of the Kentucky Constitution coupled with the First Amendment to the United States Constitution mandate such relief, arguing an entitlement to a presumptive right of access to appellate court proceedings which overrides any privacy interests of the real parties in interest.

As previously stated, proceedings under Casey's Law are confidential. KRS 222.436 expressly incorporates the provisions of KRS Chapter 202A to all actions for involuntary treatment of alcohol or drug abuse. KRS 222.430(2) provides the rights guaranteed by KRS Chapters 202A and 210 to mentally ill persons who are involuntarily hospitalized shall apply to those ordered to undergo substance use treatment under Casey's Law. KRS 202A.091 states:

4

(1)  The court records of a respondent made in all proceedings pursuant to KRS Chapter 202A are hereby declared to be confidential and shall not be open to the general public for inspection except when such disclosure is provided in KRS 202A.016.

(2)  Following the discharge of a respondent from a treatment facility or the issuance of a court order denying a petition for a commitment, a respondent may at any time move to have all court records pertaining to the proceedings expunged from the files of the court.  The county attorney shall be given notice of any such motion and shall have five (5) days in which to respond to same or request a hearing thereon.

(3)  Any person seeking information contained in the court files or the court records of proceedings involving persons under this chapter may file a written motion in the cause setting out why the information is needed.  A District Judge may issue an order to disclose the information sought if he finds such order is appropriate under the circumstances and if he finds it is in the best interest of the person or of the public to have such information disclosed.

The assurance of secrecy and confidentiality contained in the statutory provisions exists to protect the privacy of the person subject to an involuntary substance use treatment petition and assure those filing such petitions—which, pursuant to KRS 222.432(3), must be a spouse, relative, friend, or guardian—the contents thereof will not be open to public inspection.  The legislative purpose in providing such protections is to encourage and foster opportunities for rehabilitation for a vulnerable portion of the populace.  The statutory provisions reflect a policy determination which favors nondisclosure of public records over the general policy of open courts and records.  Similar protections provided in juvenile proceedings for analogous purposes have been upheld on appellate review.  *See F.T.P. v. Courier-Journal and Louisville Times Co.,* 774 S.W.2d 444 (Ky. 1989).

5

A safety valve exists permitting a district court, in its discretion, to disclose case information in limited circumstances. KRS 202A.091(3). However, the statutes provide no mechanism for a nonparty to access any portion of the record once a case reaches the Court of Appeals or this Court. Thus, disclosure is governed by the appellate court's "inherent, supervisory power over its own records and files." *Noble*, 92 S.W.3d at 730 (citation omitted). Here, the Court of Appeals denied access, an action we conclude was erroneous.

Our task is to balance any supposed interest the Court of Appeals may have in keeping the contents of legal arguments made before it secret, as opposed to the Enquirer's common-law right to access judicial records. "Under this common-law right judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring non-disclosure." *Id.* at 731 (internal quotation marks and citation omitted). Public access "casts the disinfectant of sunshine brightly on the courts, and thereby acts as a check on arbitrary judicial behavior and diminishes the possibilities for injustice, incompetence, perjury, and fraud." *Id.* at 732 (citation omitted). Thus, "documents and records that play an important role in determining the litigants' substantive rights are accorded the greatest weight." *Id.* (citation omitted). Those playing only a "minor or negligible role in adjudicating the rights of the litigants" are accordingly offered little weight. *Id.* Appellate briefs would plainly fit into the former category. "'[O]nly the most compelling reasons can justify' denying access to documents

6

and records that are accorded great presumptive weight." *Id.* (quoting *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986)).  As such, the Court of Appeals must identify a "most compelling" reason to deny access to the requested appellate briefs.

Absent a statutory mandate,[4] the Court of Appeals has no inherent interest in keeping the contents of legal arguments made before it secret.  Any alleged interest exercised by the Court of Appeals in these cases is derivative from and on behalf of the real parties in interest.  But the Enquirer has maintained from the beginning it does not seek to know the identities or personally identifying details of any of the real parties in interest.  It has sought only access to redacted copies of appellate briefs so it may discern the contents of the alleged constitutional challenges levied against Casey's Law.  That law is one of the more significant pieces of legislation to emerge out of the opioid epidemic.  If indeed constitutional challenges are being raised against that law, the public certainly has a right to know the particulars of the arguments prior to them being decided by a court of law.  The media's right of access has not been shown to be outweighed by any interest favoring non-disclosure.  *Id.* at 731.

Because the individual anonymity protection embodied in Casey's Law can be easily accommodated, and the Court of Appeals has not identified a compelling reason to justify non-disclosure of the legal arguments made before

---

[4]  *See, e.g.,* KRS 610.340(1).

7

it, we conclude the requested writ should issue. The decisions of the Court of Appeals are reversed, and the matters are remanded with instructions to provide the Enquirer with copies of the briefs submitted to the Court of Appeals after all names or initials, personally identifying information, or facts and procedural history specific to the controversy which could potentially reveal the identity of the real parties in interest has been redacted.

All sitting. All concur.

COUNSEL FOR PETITIONER:

Darren William Ford
James Stephen Smith
Graydon Head & Ritchey LLP


RESPONDENTS:

Donna L. Dixon
Judge, Kentucky Court of Appeals

Denise G. Clayton
Chief Judge, Kentucky Court of Appeals

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF
KENTUCKY:

Daniel Jay Cameron
Attorney General of Kentucky

Stephen Chad Meredith
Matthew Franklin Kuhn
Brett Robert Nolan
Courtney Elizabeth Albini
Martin Lando Hatfield
David Andrew Sexton
Office of the Solicitor General


COUNSEL FOR REAL PARTY IN INTEREST, C.M.:

Timothy G. Arnold
Department of Public Advocacy


COUNSEL FOR REAL PARTIES IN INTEREST, S.C. AND T.C.:

Joseph Daniel Thompson


COUNSEL FOR REAL PARTY IN INTEREST, J.H.:

Henley Ray McIntosh